State *ex rel* E. W. WILKINSON v. P. M. DELLINGER *et al.*

(Decided May 1, 1900.)

*Register of Deeds—Marriage License, Wrongfully Issued—Official Bond—Penalties—Damages—Demurrer—Misjoinder of Causes of Action—Debt and Tort.*

1. A lawful marriage of daughter displaces parental rights, and if damage ensues to the parent, it is *damnum absque injuria,* and is recoverable from no one.

2. A demurrer to such cause of action was properly sustained.

3. A demurrer to the recovery of penalty prescribed by The Code, secs. 1814 and 1816 for issuing license unlawfully for marriage of party under age was properly overruled.

CIVIL ACTION upon the official bond of defendant, Dellinger, register of deeds of Catawba County, tried before *Shaw, J.,* at CATAWBA Superior Court, Spring Term, 1900. The complaint contained two causes of action:

(1) For the penalty for issuing license unlawfully for

marriage of daughter under age of 18 years, without written consent of her father, the plaintiff, with whom she resided (The Code, secs. 1814 and 1816.)

(2) For deprivation of the services and society of his daughter occasioned the plaintiff by the wrongful issue of the license.

His Honor overruled the demurrer to the first cause of action, with leave to defendants to answer over—to which there was no exception. He sustained the demurrer to the second cause of action, and plaintiff excepted and appealed.

*Messrs. D. W. Robinson,* and *C. E. Childs,* for appellant.

*Messrs. M. H. Yount, L. L. Witherspoon,* and *W. C. Feimster,* for appellee.

FAIRCLOTH, C. J.   The plaintiff's daughter Elvey, at the age of 15 years married one Lawton, and the plaintiff, Elvey's father, sues the defendant on his official bond, as register of deeds of Catawba County, for unlawfully issuing the marriage license. The complaint assigns two causes of action:

1. For the penalty prescribed by The Code, secs. 1814 and 1816.

2. For damages in depriving the plaintiff of the services and companionship of his daughter.

The defendant demurred to the complaint for misjoinder of causes of action. He demurs to the second assignment in that the marriage was lawful, and the plaintiff thereafter was not in law entitled to the services of his daughter, and had no property in them.

His Honor overruled the demurrer to the first assignment, from which no appeal was taken. He sustained the demurrer to the second cause of action, and the plaintiff appealed to this Court.

The only question now before this Court is the exception to the ruling of his Honor on the demurrer to the second cause of action.

A female may lawfully marry at the age of 14 years. Code, sec. 1809. From a time where memory runs not, the parent and those *in loco parentis,* have a right to the company and services of the child during its infancy, and anyone unlawfully invading that right is liable to the parent in damages. During the same period of time the law requires the parent to feed, clothe and protect the infant. This right and these duties go together, and as a general rule when one legally terminates the other ceases. The same principle pertains to the relation of husband and wife, and the consequence of its violation is illustrated in *Holleman v. Harward,* 119 N. C., 150, where the defendant was punished in damages for selling laudanum, etc., to the plaintiff's wife, knowing that the use of the same habitually resulted in loss of companionship and services due the plaintiff from their marital relation.

It is equally well settled that a husband, who has married an infant at a time when she may lawfully marry, i. e., after 14 years of age, is entitled to the company, comfort and services of his wife, and that any interference therewith subjects the offender to punishment in damages. This apparent conflict between the rights of parent and husband is not real. The law of marriage, on the grounds of public policy and the peculiar relationship established by marriage, overrides the right of the parent to the services of the child, and the duties of care and protection are imposed on the husband, and, at the same moment, those duties as to the parent, cease. So the marriage displaces parental rights instead of creating a conflict. The marriage in a case like this emancipates the wife from her former parental duties, and if damage has come to the plaintiff, it is *damnum absque injuria.* Cooley on

Torts, (2nd Ed.), 278; *Commissioners v. Graham,* Mass., 578; *Hervey v. Moseley,* 7 Gray, 479; *Grant v. Grant,* 109 N. C., 710; *State v. Parker,* 106 N. C., 711.

It follows therefore that the plaintiff, having no right to control nor any interest in the services of his daughter, can not recover damages from anyone.

There being no error in the record, this will be certified to the end that the case may proceed in the Superior Court as if no appeal had been taken.

Affirmed.