MARY HOLLAND v. J. A. HARTLEY.

(Filed 19 April, 1916.)

**1. Parent and Child—Emancipation—Board of Child.**

In an action against the father to recover money for the board of his minor son, and the defense relied upon is that the defendant had emancipated his son, and consequently was not liable, the burden is upon the defendant to prove the fact.

**2. Same—Evidence.**

Evidence tending to prove that the father had agreed with his 18-year-old son that the latter should leave his father's roof, have all his own earnings, and make his own contracts, is sufficient as to the son's emancipation to defeat a recovery against the father for the son's board.

**3. Statute of Frauds—Parent and Child—Promise of Father—Emancipation of Child.**

Where recovery in an action for the board of a minor son depends upon the question of whether the father had emancipated him or had promised to pay for the board, and the evidence tends to show that plaintiff

HOLLAND *v.* HARTLEY.

surrendered the clothes of the son in her possession, relying upon the promise of the father that he would see that the board was paid if she would continue the son there: *Held,* sufficient as to an original promise on the father's part, supported by a consideration, to take it out of the statute of frauds and make it binding.

**4. Instructions—Erroneous in Part—Appeal and Error.**
Where a charge, construed as a whole, is correct, it will not be affected by the fact that a part thereof, taken disjointedly, is erroneous.

APPEAL by plaintiff from *Cline, J.,* at November Term, 1915, of FORSYTH.

Civil action, tried upon these issues:

1. Had the defendant's son, Ira Hartley, been emancipated by the defendant at the time the unpaid board bill was made? Answer: "Yes."

2. Is the defendant indebted to the plaintiff, and, if so, in what amount? Answer: "None."

From the judgment rendered, plaintiff appealed.

*S. J. Bennett for plaintiff.*
*Walser & Walser for defendant.*

BROWN, J. This action is brought to recover of the defendant a board bill for his minor son. The plaintiff rests her case upon two grounds:

*First.* That the son was not emancipated by the father, and, consequently, that the father is liable for the support of his minor son. His Honor very properly placed the burden of proof upon the defendant to satisfy the jury by a preponderance of evidence that the son had been emancipated from the control of his parent. The evidence tends to prove that the child left his father's roof when he was about 18 years old, by an agreement with the defendant that the son was to have all his earnings, make his own contracts, and receive his own wages. All the evidence tends to prove that the father permitted his son to work for himself, to remain away from the parental roof, and to receive and spend the earnings of his own labor. There is no evidence in the record which tends to contradict the testimony of the father to that effect. It is well settled upon such state of facts that the father has released his parental control and is not liable for the care and maintenance of his child. *Daniel v. R. R., ante,* 23; 29 Cyc., 1626; *Lowrie v. Oxendine,* 153 N. C., 268.

In our view of the case, the judge might well have charged the jury that if they believed the evidence, in any view of it, they should answer the first issue "Yes." This renders it unnecessary to discuss the prayers for instructions upon the first issue.

*Second.* The plaintiff contends that there was an express promise upon the part of the defendant to pay the son's board. There is evidence tending to prove that the defendant told the plaintiff that he did not want his son turned off from her·house, because it would discourage him, and said to her: "Wait, and I will see that you get the money."

The plaintiff further testified that the last time the defendant came to see her "I asked him what to do about the boy, and he said he was going to take the boy home and let him rest a week, and said, 'When he comes back he will be prepared to pay you some.' The boy left with his father, went home and stayed about a week, came back and stayed two weeks with me, after that, and never did say money to me. I finally told him that I could not keep him longer, and for him not to go to his room and get his clothes. When he came to get the boy's clothes he and the boy came together, and he told me to let him have the boy's clothes and he would see that I got my money, and the boy got up his clothes and Mr. Hartley took an itemized account of the things."

The plaintiff assigns error because the court charged the jury as follows: "Now, I charge you, gentlemen, the law to be, that if he merely promised her by words of the mouth, that is, if you find that he merely promised her that he would be responsible—I am not using the language now, but I am letting you find the facts from the evidence—that he would be responsible to her for the board bill in the event his son failed to pay it, why, that would not be a binding promise upon him in this case, as the plaintiff could not hold him upon that promise. A promise to pay the debt of another if the other fails to pay must be in writing; otherwise, it is not enforcible."

As an abstract proposition of law, this charge is substantially correct. *Peele v. Powell,* 156 N. C., 557; *Dale v. Lumber Co.,* 152 N. C., 653.

It would, however, have been error had the judge stopped with that instruction and said nothing more. His Honor further instructed the jury that if the father did emancipate the son, he would not be liable for the board bill by reason of the relationship between parent and child, and that the jury must look further and see whether he is liable upon any other ground. He further instructed the jury that the burden of proof was upon the plaintiff upon the second issue, and that if the jury was satisfied by the greater weight of evidence that after the board bill had been partly incurred the son was about to leave in obedience to the demands of the plaintiff, and that then the defendant came to the plaintiff, who had the son's clothes in her possession, and induced her by his own promise to release the clothes and to continue the son in her house, and that he would pay the bill, and that the plaintiff, relying upon such promises of the father, did as requested, the defendant would be liable for the debt. Under those circumstances the jury should answer the second issue "Yes; $125."

This instruction was based upon the evidence of the plaintiff, and was given to the jury at her instance. If those facts are true, it would take the promise of the defendant out of the statute of frauds and would be an original promise on his part based upon a consideration. In so charging the jury, his Honor gave the plaintiff all that she was entitled to. The jury seems, however, to have accepted the defendant's version of the facts.