DOROTHA D. GOODYEAR v. GEORGE S. GOODYEAR

(Filed 15 June 1962.)

**1. Husband and Wife § 11—**

Provision in a separation agreement that the husband pay to the wife specified sums monthly for the support of the adopted children of the marriage will be construed in the light of the existing legal principles that it is the father's primary duty to support the children during their disability, including adopted children, and that he cannot relieve himself of this obligation by contract, etc., and therefore that the provision for such payments need not have been contemplated as a complete discharge of the husband's duty to support the children.

**2. Same— Under terms of separation agreement, husband was obligated to make payments specified in the contract for the support of the children without deducting sums expended by him for their support.**

The separation agreement in suit provided that the husband pay the wife a stipulated sum monthly for the support of their two adopted children. The agreement further provided that both husband and wife should have alternating custody of each child, with further provision that each child should have the privilege of visitation at any time by the other, and that both the husband and wife should have the right to take both children on trips, vacations, etc. The husband made payments to the wife of the stipulated monthly sum for support of the children notwithstanding that during certain periods he supported each child while in his custody. *Held:* The fact that the oldest boy, prior to the time fixed in the separation agreement for the termination of the payments for the support of the children, becomes gainfully employed in the husband's business and pays the husband an agreed sum for his maintenance and care, does not relieve the husband of his obligations under the agreement to continue to pay to the wife the entire amount stipulated in the separation agreement for the support of the children.

**3. Same—**

Payments made to the wife by the husband for the support of the children of the marriage under the provisions of a separation agreement belong to the children, and the wife is a mere trustee for them, so that she must account to them for that part of the payments not expended for their reasonable support and maintenance.

**4. Same—**

The separation agreement in suit provided that the husband should purchase for the wife a new automobile as soon after a specified date as the business conditions of the husband reasonably warranted. It appeared that before the separation the husband had purchased an automobile of a particular make for the wife. *Held:* The provision is not necessarily void for indefiniteness, since it may be assumed that the parties contemplated an automobile in the same price class as the one theretofore purchased by the husband, and evidence of his financial condition on the date specified as compared with his financial condition when he purchased the car may be introduced in explanation of the terms of the agreement, but *held further,* if such provision is void for in-

definiteness the wife may recover fair compensation for surrender of her rights in consideration of the husband's agreement to purchase the car.

**5. Contracts § 12—**

A contract must be interpreted in the light of the existing law relating to the subject matter.

**6. Same—**

An interpretation given a contract by the parties themselves prior to the controversy must be given consideration by the courts in ascertaining the meaning of the language used.

**7. Same—**

If the language of a contract is not ambiguous the effect of the instrument is a question of law for the court, while if its terms are ambiguous, extrinsic evidence relating to the agreement may be competent to clarify its terms, and its meaning ascertained by the jury under proper instructions by the court.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Walker, S.J.,* October 9, 1961 Special Civil "A" Term of MECKLENBURG.

Plaintiff and defendant were married in 1939. They entered into a separation agreement 21 May 1959. The rights of the parties are determined by that contract. Plaintiff, asserting defendant's failure to comply with the contract provisions, began this action on 8 November 1960. Defendant asserts he has faithfully complied with all of the contract provisions requiring him to provide support for plaintiff and their two adopted children. He contends the provision with respect to the purchase of an automobile for plaintiff is too vague and uncertain to create a binding obligation.

Jury trial was waived. Judge Walker found the facts, to which no exception was taken. He concluded plaintiff was not entitled to recover and rendered judgment to that effect. Plaintiff thereupon appealed.

*Bradley, Gebhardt, DeLaney & Millette for plaintiff appellant.*
*Levine, Pizer and Goodman by Sol Levine for defendant appellee.*

RODMAN, J. The separation agreement provided, in summary: (1) The parties would thereafter live separate and apart. (2) Husband would convey to his wife specified real and personal property, including "the 1955 Oldsmobile automobile which the wife now has custody of." (3) Each relinquished any right which they had or might have in the property or estate of the other.

In addition to the summarized provisions, the contract provided:

"(v) The husband agrees to pay all bills incurred by the wife on behalf of herself and the children of the marriage which were incurred prior to June 1, 1959. Thereafter, the husband will pay to the wife the total sum of Fourteen Hundred Dollars ($1400.00) per month for a period of twelve months beginning June 1, 1959. It is agreed that One Thousand Dollars ($1,000.00) is for the support of the wife and Four Hundred Dollars ($400.00) of this sum is for the support of the children. Beginning June 1, 1960, the husband will pay to the wife the sum of One Thousand ($1,000.00) Dollars per month for a period of four years. Six Hundred ($600.00) Dollars of this sum is to be for the support of the wife and Four Hundred ($400.00) Dollars for the support of the children. Thereafter, the husband shall pay to the wife the sum of Four Hundred ($400.00) Dollars per month. It is expressly understood and agreed that the aforesaid payments which are for subsistence of the wife will terminate upon the death of Mrs. Dorotha Goodyear, or in the event the parties may in the future, secure a divorce and Mrs. Dorotha D. Goodyear remarries."

"(vii) The husband agrees to purchase for the wife a new automobile as soon after June 1, 1960 as business conditions of the husband reasonably warrant."

"(viii) The parties have two boys, namely George Goodyear, III, aged 16 and Dent Goodyear, aged 13. It is agreed that the husband and wife will have joint custody of these children with the privilege of visitation at any time by the other and both the husband and the wife shall have the right to take said children on trips, vacations and events, provided, of course, that reasonable consideration is had for the other party in making said arrangements. It is expressly agreed that at all times one of the boys shall have his residence with the husband and one with the wife although the boys may visit for extended periods of time with either of their parents."

The summarized provisions have been complied with.

These facts are established: (1) Monthly payments of $1400, as required by sec. v have been made. (2) Monthly payments of $1000, beginning with June 1960 and running through October 1960, have been made. (3) Payments of $800 per month were made for the months of November and December 1960. (4) Plaintiff, having divorced defendant, married Adon Smith on 1 December 1960. (5) George Goodyear, III was born 4 November 1942. (6) Beginning I June 1961 defendant has paid plaintiff $200 per month.

Judge Walker found these additional facts:

"(7) Beginning with the Fall semester George Goodyear, III entered the Freshman Class at the University of North Carolina where he remained until the end of the first semester in the latter part of Jan-

uary 1961. The defendant furnished to George Goodyear, III, all of his clothing, tuition, and every other item of expense incurred by George Goodyear, III during the time that he was a student at the University of North Carolina."

"(8) In the late January of 1961, or early February 1961, George Goodyear, III became gainfully employed by the defendant at the defendant's place of business and between February 1961 and June 1961, George Goodyear, III resided with the plaintiff, but paid to the plaintiff an agreed monthly sum for his maintenance and care. Beginning in early July 1961, and continuing to the date of this hearing, George Goodyear, III has been residing with the defendant and still remains in the employment of the defendant."

"(10) The youngest son, Dent Goodyear, age 15, resides with the plaintiff and the plaintiff pays to her husband, Adon Smith, an agreed monthly sum of $140.00 for the maintenance and care of Dent Goodyear."

"(11) At the time of the hearing, the plaintiff has the use of a 1961 Chevrolet automobile provided for her by her present husband."

Plaintiff contends she is entitled to receive from defendant the sum of $400 per month until 1 June 1964. Defendant contends that the $400 he agreed to pay was for the support and maintenance of two children, one-half for the support of the older, the other half for the support of the younger: that plaintiff personally is not entitled to any part of the moneys which he contracted to provide for the support of the children, and since no more than $200 is necessary for the support of the younger, he has fully complied with his contract.

Contracts should be interpreted in the light of established principles of law.

These legal principles are established: Parents are under a legal, as well as a moral obligation to educate and support their children during their disability. *Ford v. Bank,* 249 N.C. 141, 105 S.E. 2d 421; *Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31; *In re TenHoopen,* 202 N.C. 223, 162 S.E. 619. This obligation is the same whether the child is adopted or natural. G.S. 48-23. A willful failure of a parent to perform his duty is a crime. G.S. 14-322. The duty to support is primarily the obligation of the father. *Lee v. Coffield,* 245 N.C. 570, 96 S.E. 2d 726; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136. A father cannot, by contract, relieve himself of his obligation to support his child. *Thomas v. Thomas,* 248 N.C. 269, 103 S.E. 2d 371; *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721; *Pace v. Pace,* 244 N.C. 698, 94 S.E. 2d 819.

If a parent fails to perform his duty of supporting his child, courts will enforce performance by an action brought in the child's behalf.

*Thomas v. Thomas, supra; Green v. Green,* 210 N.C. 147, 185 S.E. 651; *Sanders v. Sanders,* 167 N.C. 319, 83 S.E. 490.

The father is entitled to the earnings of his minor unemancipated child. *White v. Charlotte,* 212 N.C. 539, 193 S.E. 738; *Shipp v. Stage Lines,* 192 N.C. 475, 135 S.E. 339. A child may be emancipated before he reaches his majority. When that happens the father is no longer liable for the support of the child. *Holland v. Hartley,* 171 N.C. 376, 88 S.E. 507; 39 Am. Jur. 707.

When the separation agreement is examined in the light of the undisputed facts and legal principles stated above, it is, we think, clear the contracting parties contemplated the payment by the father of $400 per month for the support of the children, which amount would continue until 1 June 1964. This amount was to be paid even though the mother was expected to have the custody of only one of the children at a time; although she might have the custody of both periodically, and at periods, might not have the custody of either. The contract required the father to make these monthly payments to a date subsequent to the twenty-first birthday of the elder child. The obligation to pay terminates before the younger reaches his majority.

The agreement, on its face, shows the father did not understand the $400 monthly payment would discharge his obligation to support his children. He was at all times to have the custody of one. Certainly he did not expect his wife, out of the $400 to be paid to her, to reimburse him for his expense in caring for the child living with him. He expressly provided that he might take the children on trips during vacations. Certainly he expected to pay the costs incurred. He freely provided for the education of the children, sending one to college and the other to a private school. He did not make a deduction because of these expenditures. He made other gifts to the children. He had no legal right to deduct the gifts so made from the $400 monthly payment he contracted to provide. 27B C.J.S. 636. He did not attempt to charge the amounts so expended against his obligation to provide monthly payments to his former wife.

The parties, at a time when no controversy existed, interpreted the contract as not completely fulfilling the father's obligation to his children. It merely provided a sum which the mother would have at her disposal for that purpose. The interpretation so given ought not to be rejected. *Construction Co. v. Crain and Denbo, Inc.,* 256 N.C. 110; *Power Co. v. Membership Corp.,* 253 N.C. 596, 117 S.E. 2d 812.

Having reached the conclusion that the contract did not provide for a monthly payment of $200 for each child, but required a monthly payment of $400 for the children, we do not need to decide whether the older child is emancipated, without a right to call upon the father for support.

While defendant was and is obligated to make the monthly payments called for in his contract for the support of his children, plaintiff is not the beneficiary of the moneys which defendant must pay. These moneys belong to the children. Plaintiff is a mere trustee for them. That part of the payments not reasonably necessary for support and maintenance, she must hold for the benefit of the children and account to them when they call upon her. She cannot, by contract with another person, profit at the expense of her children. If, because of the generosity of the father, only $140 per month is reasonably necessary for the support of the children, she must hold the balance paid to her for their benefit. The Supreme Court of Iowa, called upon to interpret a separation agreement by which the husband and father of two adopted children agreed to make monthly payments to his wife for their support, said, in *Watts v. Watts,* 36 N.W. 2d 347: "The primary purposes of these remittances was the daily care of these children, month by month, and not to build up a reserve to lighten his burden in later years. It was his duty to pay these sums monthly as provided in the stipulation and the decree. Without a contract he was liable for their needs during their minority. The remittances were, of course, not the property of the plaintiff. She was merely the custodian of the funds with the right and duty to use them as provided in the decree. Having the children under her custody, care, and control, she is the one best situated and best fitted to know what is needed and best for them. In this she may use a sound discretion. Their requirement will vary from time to time. Because of sickness, medical or dental care, or other matters, the monthly sum may fall short. The amount thereof was no doubt fixed to be adequate to meet the anticipated average monthly needs."

Speaking with respect to money ordered to be paid for the support of an infant, the Supreme Court of Indiana said: "The person to whom money for the support of a child is ordered paid by the court receives it as a trustee, and can only expend the same for the benefit of the child." *Stonehill v. Stonehill,* 45 N.E. 600; *Corbridge v. Corbridge,* 102 N.E. 2d 764; *Thomas v. Holt,* 70 S.E. 2d 595; *Cervantes v. Cervantes,* 203 S.W. 2d 143; *Gard v. Gard,* 239 S.W. 2d 410; *Pavuk v. Scheetz,* 29 N.E. 2d 992.

Where, as here, the parties have attempted to put in writing an agreement fixing the rights and duties owing to each other, courts will not deny relief because of vagueness and uncertainty in the language used, if the intent of the parties can be ascertained. *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176; *Chew v. Leonard,* 228 N.C. 181, 44 S.E. 2d 869.

Here there is a definite obligation to give the wife a new automobile. This is a part of the consideration which she was to receive for the surrender of her legal rights. The kind of car and the date of purchase are not fixed with minuteness, but enough appears in the writing, we think, to indicate what the parties contemplated when they called on counsel to reduce their agreement to writing. The wife had for her use an Oldsmobile. The model was four years old. A car of that kind and model fits in a definite price class. Did the parties not contemplate a car in that price class when they reached their agreement? The contract declared the husband had informed his wife of his financial condition and their expenditures over the preceding years. We are not informed of the nature of defendant's business. Wisely, perhaps, he did not wish to fix a specific date for the purchase because he might at that very moment need all his cash resources for some important transaction. Did the parties not understand that the car would be purchased on 1 June 1960 if defendant's financial condition compared favorably with his financial condition when he acquired the Oldsmobile for his wife's use. It is permissible to prove the financial condition of the defendant on 1 June 1960 as compared with his financial condition in preceding years, particularly at the times when he provided automobiles for his wife. The rule here applicable was stated by *Adams, J.,* in *Porter v. Construction Co.,* 195 N.C. 328, 142 S.E. 27. He said: "The general rule is that where the entire contract is in writing and the intention of the parties is to be gathered from it, the effect of the instrument is a question of law, but if the terms of the agreement are equivocal or susceptible of explanation by extrinsic evidence the jury under proper instructions may determine the meaning of the language employed."

If the language which the parties used to express their agreement were so ambiguous and uncertain as to render that part of the contract void, it would not mean that plaintiff could not recover fair compensation for the rights which she surrendered. The agreement to provide an automobile is a part of that consideration.

New trial.

SHARP, J., took no part in the consideration or decision of this case.