ANNETTE S. CHURCH v. CHARLES H. HANCOCK AND F. W. HANCOCK, JR.

(Filed 6 May, 1964.)

**1. Parent and Child § 6—**

While marriage of a child emancipates the child by operation of law and relieves the father of the legal duty of supporting the child thereafter, a parent can nevertheless bind himself by contract to support a child after emancipation and past majority.

**2. Husband and Wife § 11—**

The ordinary rules governing the interpretation of contracts apply to separation agreements, and the courts are without power to modify them.

**3. Same; Contracts § 12—**

Where the terms of a contract are plain and explicit, the courts will determine its legal effect and enforce it as written.

**4. Husband and Wife § 11—**

In consideration of the wife's relinquishment of her right to rents and profits from lands jointly owned by them (she being entitled to one-half thereof after the divorce subsequently obtained by her), the husband agreed to pay a sum monthly to her for the support of her and the children of the marriage, with provision for reduction in a certain amount if she remarried and provision for reduction in a certain other amount in the event of the death of a child, the payments to continue to a date specified. *Held:* The husband is not entitled under the support agreement to reduce the payments upon the marriage of a child within the term of the contract.

APPEAL by defendants from *Hobgood, J.,* November 1963 Civil Session of VANCE.

Plaintiff, the former wife of defendant Charles H. Hancock, instituted this action on July 22, 1963 to recover payments allegedly due under a separation agreement. The allegations of the complaint, answer, and reply established these facts: Plaintiff and defendant Charles H. Hancock were married on December 11, 1943. They had two children, Annette, born January 6, 1947, and Charles H. Hancock, Jr., born December 9, 1948. The parties separated on July 25, 1951. On August 10, 1951 they duly executed a separation agreement which, in addition to dividing specific properties, contained the following provisions:

Plaintiff should have the custody of the two children. Beginning with September 1951, and continuing until December 9, 1969, Charles H. Hancock would pay plaintiff $250.00 a month for the support of herself and the children. If plaintiff remarried the monthly payment would be reduced by $75.00. If one child should die before December 9, 1969, the monthly payments would be re-

duced by $62.50; if both died, by $125.00. In consideration of these payments plaintiff relinquished all her rights to any income from property jointly owned by the parties until December 9, 1969. She also released her rights in the real and personal property then owned or thereafter to be acquired by Charles H. Hancock individually.

For a recited consideration, the defendant F. W. Hancock, Jr. guaranteed "the payment of the monthly amounts contracted in said deed of separation to be paid by the said Charles H. Hancock," his son.

On December 8, 1953 plaintiff obtained an absolute divorce from Charles H. Hancock. She married John C. Church on June 9, 1959 and thereafter Charles H. Hancock paid her only $175.00 a month as provided in the separation agreement. However, since May 1962 he has paid her nothing whatever. On May 11, 1963, Annette, then sixteen years of age, married one Floyd Daniel, Jr. with whom she is now living. Plaintiff alleges that as of July 1, 1963 defendants were indebted to her in the sum of $2,275.00 plus interest in the amount of $68.23, making a total of $2,343.23. Defendants concede their indebtedness to the plaintiff, but they allege that since the marriage of Annette it has been reduced by $62.50 a month. The trial judge gave judgment on the pleadings in favor of the plaintiff for the amount prayed and defendants appealed.

*Gholson & Gholson by G. M. Beam and Gaither M. Beam for plaintiff.*
*Royster & Royster by T. S. Royster, Jr., for defendants.*

SHARP, J.   The marriage of a minor child legally terminates parental rights and obligations to the child. Upon marriage the child is emancipated by operation of law, and thereafter the father is not liable for the support of the child or entitled to its society and services. *Wilkinson v. Dellinger,* 126 N.C. 462, 35 S.E. 819; 3 Lee, N.C. Family Law, § 233; 39 Am. Jur., *Parent and Child* § 65. However, a parent can bind himself by contract to support a child after emancipation and past majority, and such a contract is enforceable as any other contract. Annot., 1 A.L.R. 2d 910; 39 Am. Jur., *Parent and Child* § 69. The ordinary rules governing the interpretation of contracts apply to separation agreements and the courts are without power to modify them. *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113; *Howland v. Stitzer,* 236 N.C. 230, 72 S.E. 2d 583. Of course, no contract between the parents can deprive a court of its authority *by judgment* to require

that..adequate provision be made for minor children. *Fuchs v.. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487. For cases dealing with the effect of the marriage of a minor child upon an order or decree of the court for its support, see the annotation on that subject in 58 A.L.R. 2d 358.

Where the terms are plain and explicit the court will determine the legal effect of a contract and enforce it as written by the parties. *Goodyear v. Goodyear, supra; Turner v. Turner,* 242 N.C. 533, 89 S.E. 2d 245; *Brock v.. Porter,* 220 N.C. 28, 16 S.E. 2d 410. The terms of the contract under consideration are plain and unambiguous. The parties provided 'for those contingencies which would, upon occurrence, reduce Charles H. Hancock's stipulated monthly payments. They were the plaintiff's remarriage and the death of a child or children. The separation agreement contained no provision for a reduction in the event of a child's marriage, and defendants' contention that the marriage of the child was legally equivalent to its death cannot be sustained.

This case is almost identical with the case of *Kamper v. Waldon,* 17 Cal. 2d 718, 112 Pac. 2d 1, in which a husband and wife, after separation, entered into a property settlement agreement. In consideration of mutual covenants, it was agreed that the defendant wife should have the custody of the parties' four minor children and that the plaintiff husband would pay her the sum of thirty dollars a month for their support until the youngest child became twenty-one years of age. Plaintiff made the payments until the youngest child, a daughter, married at age seventeen. Plaintiff then notified defendant that he would pay no more. She immediately filed suit in the Justice Court for the first unpaid monthly payment and plaintiff instituted an action in the Superior Court for a declaratory judgment. In affirming the judgment of the Superior Court, the Supreme Court said,

> "It may be assumed, in the absence of an agreement to the contrary, that a parent is released from the legal duty of support upon the complete emancipation of a minor child, as by its lawful marriage.
>
> ". . . .
>
> "There is nothing in the law to prevent a parent from contracting to support a child, minor or adult, married or unmarried. And when the agreement, as here, is founded upon sufficient consideration, the contractual obligation is not measured by legal duties otherwise imposed. No principle of public policy intervenes to prevent such a contract and the courts have no right by a process of interpretation to release one of the contracting parties from disadvantageous terms actually agreed upon.

"No sound reason has been advanced why plaintiff should be relieved from the provisions of his agreement and the judgment of the trial court should not be disturbed." ·

Likewise, in the instant case, the defendants' contractual obligation is not limited to the legal duty of the father to support his daughter. The contract is supported by an additional consideration. Until December 9, 1969, when all of defendants' obligations under the contract will cease, in consideration of the support provisions in the contract, plaintiff gave up her rights to the rents and profits from all the land which she and Charles H. Hancock jointly owned at the time of their ·separation. Otherwise, after the divorce, he would have been required to divide them with her. *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566.

The trial judge correctly entered judgment on the pleadings in accordance with plaintiff's prayer for relief.

Affirmed.