JEANENNE P. OWENS v. GODFREY LEGGETT LITTLE

No. 713DC709

(Filed 2 February 1972)

Husband and Wife § 11; Divorce and Alimony § 19— action under deed of separation — educational expenses of the child — modification of deed — extent of husband's liability

    In plaintiff's action to recover from her former husband the sum of $1,321.78 paid by her for the education of their son at a data processing school, the action being brought pursuant to the terms of a 1965 deed of separation providing that the husband pay the educational expenses of the child, the trial court erred in finding that the plaintiff's claim was "barred and estopped" by a 1969 modification of the deed which merely increased the husband's payments to all of his children, since the modification in no way changed the husband's legal obligation to pay for the educational expenses of his son.

APPEAL by plaintiff from *Roberts, Chief District Judge,* 12 July 1971 Session of District Court held in PITT County.

This is a civil action wherein plaintiff seeks to recover from her former husband, pursuant to the terms of a deed of separation, $1,321.78 for sums paid by her for the schooling of their child, Richard Little, at the Raleigh School of Data Processing and for other school, drug, and medical expenses of all four children of the marriage.

The defendant filed answer admitting that he and the plaintiff had entered into a deed of separation but denied that he was indebted to the plaintiff in any amount. The defendant pleaded in bar of plaintiff's claim a judgment dated 5 September 1969 entered in a case entitled *"Jeanenne P. Owens v. Godfrey Leggett Little"* (69CVD839).

At the trial the plaintiff introduced into evidence the deed of separation entered into between the parties dated 10 Novem-

ber 1965. The plaintiff offered evidence tending to show that after 20 September 1969 she had paid on behalf of Richard Little $1,321.78 for his educational expenses to the Raleigh School of Data Processing.

The defendant introduced into evidence the pleadings and judgment in the civil action entitled *"Jeanenne P. Owens v. Godfrey Leggett Little"* (69CVD839).

Paragraph three of the deed of separation is as follows:

*"Third:* The party of the first part shall pay to the party of the second part, for the use and benefit of the said children, the sum of Two Hundred and Thirty and no/100 Dollars ($230.00) per month, beginning December 1, 1965, and continuing until the last child is in college, gainfully employed, or, if neither, until the said last child attains to the age of eighteen (18) years. During said period, furthermore, the party of the first part shall pay all drug, medical, surgical, dental, and hospital bills for said children (covering said payments to the extent possible by insurance with a medical-hospital insurance company licensed to do business in the State of North Carolina). Further, the party of the first part shall pay all school and college expenses for the children, including book fees, rings, pictures, school insurance, school supplies, year book, and school newspaper (if there be one). School expenses shall be those related directly to school and shall not include transportation or payments for extra-curricular activities, other than as specified immediately hereinabove."

Paragraphs of the judgment dated 5 September 1969 which are pertinent to this appeal are as follows:

"That Richard A. Little, now 19 years of age is attending or scheduled to attend some technical school in the State of Virginia for which schooling he will be paid some amount of money and that said minor is therefore, now emancipated.

\* \* \*

That, effective as of September 1, 1969, defendant is to pay into the Office of the Clerk of the Superior Court of Pitt County the sum of Two Hundred Seventy Five Dollars ($275.00) per month for the support and maintenance

of said three minor children, payable in two (2) equal installments of ONE HUNDRED THIRTY SEVEN DOLLARS AND FIFTY CENTS ($137.50) on the first day of each month and on the 15th day of each month."

After hearing, the trial court made the following pertinent finding and conclusion:

"That the separation agreement as set forth in paragraph one of this Judgment is in full force and effect except as modified by the order of Judge Wheeler dated September 5, 1969; and although there was ample evidence the money was spent, the separation agreement as modified bars and estops the claim of plaintiff for the subsequent money spent at the Raleigh School of Data Processing, Inc. on Richard Little who was declared in said September 5, 1969 order to be emancipated, and who is 19 years of age."

Based on its findings, the court entered judgment that plaintiff recover $90.26 for medical and school expenses and the costs of the action, and further decreed that "the balance of plaintiff's claim is barred and estopped under the facts hereinabove set out."

The plaintiff appealed to the Court of Appeals.

*Gaylord and Singleton by A. Louis Singleton for plaintiff appellant.*

*Wallace, Langley, Barwick & Llewellyn by P. C. Barwick, Jr., for defendant appellee.*

HEDRICK, Judge.

In the record we find the following statement:

"The plaintiff does not now appeal any finding of fact of the judge concerning any other amounts owed so basically the issue is whether or not the Deed of Separation has been modified as provided in paragraph 6 of the judgment. . . ."

Therefore, we do not disturb that part of the judgment decreeing that the plaintiff recover of the defendant $90.26 and the costs of the action.

Owens v. Little

Plaintiff contends that the court erred in finding and concluding that plaintiff's claim for reimbursement from the defendant for $1,321.78, paid in behalf of Richard Little to the Raleigh School of Data Processing, was barred by the deed of separation as modified by the order of Judge Wheeler dated 5 September 1969.

The plaintiff argues that Judge Wheeler was without authority, in the absence of the consent of the parties, to modify the contractual obligation of the defendant to provide educational expenses for his son, Richard Little.

The defendant contends that the plaintiff sought and obtained the judgment dated 5 September 1969 for the specific purpose of having the funds for the "health, education, and maintenance" of all the children increased over the amounts provided in the deed of separation and that, having accepted the benefits of the judgment, she now ought to be estopped to deny that the father's contractual obligation was modified by the judgment entered 5 September 1969.

In *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970), Judge Parker, writing for the Court, said:

"While the provisions of a valid separation agreement relating to marital and property rights of the parties cannot be ignored or set aside by the court without the consent of the parties, such agreements 'are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children.' *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73; *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235. No agreement between husband and wife will serve to deprive the courts of their inherent authority to protect the interests and provide for the welfare of infants. Husband and wife 'may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court.' *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487."

We do not think that the wife abrogated the agreement in the deed of separation providing that the father pay educational expenses for Richard Little by bringing the action to enforce the father's *legal* obligation to provide support and education for his children. The court clearly had authority to increase the pay-

ments for the support of three children above that provided in the separation agreement for the support of four children. *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962). The judgment in no way modified the agreement between the parents relating to the educational expenses of Richard Little. The judgment provided no increased benefits for Richard Little whatsoever. We do not think that it can be said that the wife, by accepting the benefits of the judgment, is now estopped to deny that the judgment modified the terms of the deed of separation pertaining to the father's contractual obligation to provide educational expenses for his son, Richard Little.

Without deciding the legal effect of paragraph four of Judge Wheeler's order, we think it suffices to say that the trial court erred in finding and concluding that plaintiff's claim for $1,321.78 was "barred and estopped" by the deed of separation as modified by paragraph four of Judge Wheeler's order dated 5 September 1969.

The provisions of a valid deed of separation between parents wherein the father agrees to provide funds for the support and education of his children over and above his common-law obligation to do so are binding and must be construed as any other contractual obligation. *Mullen v. Sawyer*, 277 N.C. 623, 178 S.E. 2d 425 (1971) ; *Layton v. Layton*, 263 N.C. 453, 139 S.E. 2d 732 (1965) ; *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964) ; *Goodyear v. Goodyear, supra.*

The rule with respect to the construction of contracts of this nature was quoted by Rodman, J., in *Goodyear v. Goodyear, supra,* as follows:

" 'The general rule is that where the entire contract is in writing and the intention of the parties is to be gathered from it, the effect of the instrument is a question of law, but if the terms of the agreement are equivocal or susceptible of explanation by extrinsic evidence the jury under proper instructions may determine the meaning of the language employed.' "

In the instant case there has been no construction of the contract between the parties relating to plaintiff's claim for $1,321.78.

For the trial court's error in decreeing that plaintiff's claim for $1,321.78 was barred and estopped by the deed of

separation, as modified by the judgment dated 5 September 1969, the case is remanded to the District Court of Pitt County for a construction of the contract between the parties relating to the educational expenses of Richard Little, and for the court to make findings of fact and proceed as the law requires.

Error and remanded.

Chief Judge MALLARD and Judge GRAHAM concur.