PEGGY SHOAF v. TED B. SHOAF

No. 7228DC259

(Filed 26 April 1972)

1. Divorce and Alimony § 23; Parent and Child § 7— duty to support child — termination at age 18

Since the enactment of G.S. 48A-2, one's obligation to support his child ends when the child reaches the age of 18, absent a showing that the child is insolvent, unmarried and physically or mentally incapable of earning a livelihood.

2. Divorce and Alimony § 23— child support — agreements above legal obligation

Contracts between parents providing for support and educational expenses of their children over and above their legal obligations are binding and must be construed as any other contract.

3. Judgments § 10— consent judgment — construction

A consent judgment is a contract between the parties entered upon the records of the court with the approval and sanction of a court of competent jurisdiction and is construed as any other contract.

4. Contracts § 1— laws as part of contract

Laws in force at the time of the execution of a contract become a part thereof, including those laws which affect its validity, construction, discharge and enforcement.

5. Contracts § 12— construction — interpretation given by the parties

An interpretation given a contract by the parties themselves prior to the controversy must be given consideration by the courts in ascertaining the meaning of the language used.

6. Divorce and Alimony § 23— child support agreement — age of majority

In entering a consent judgment requiring that defendant make payments for the support of his son "until such time as said minor child reaches his majority," the parties intended that such payments should continue until the son reached age 21 where (1) defendant was legally obligated to support his son until the son reached age 21 when the consent judgment was entered, (2) the judgment provided that the home owned by the parties be sold after the son finished high school, which was after the son reached age 18, and that reduced support payments be made thereafter, and (3) defendant recognized his obligation under the consent judgment after the son reached age 18 and G.S. 48A-2 was passed by making part of the payments required by the judgment.

Judge VAUGHN dissents.

Shoaf v. Shoaf

APPEAL by defendant from *Israel, District Judge,* December 1971 Session of District Court held in BUNCOMBE County.

This is a civil action for alimony, custody and support of minor child and counsel fees, heard on plaintiff's motion to attach the defendant for contempt for willfully violating the terms of the consent judgment entered on 11 June 1970. The defendant filed a motion in the cause asking that the consent judgment "be modified so as to delete any requirement on the part of said defendant to pay moneys or support payments to the plaintiff for the support of JEFFREY BYRON SHOAF."

At the hearing on the motions, the parties stipulated that the court could consider and decide the case on the following agreed statement of facts:

"1. That a final Consent Judgment was entered in the General County Court of Buncombe County on the 11th day of June, 1970 in an action entitled *'Peggy Shoaf, plaintiff vs. Ted B. Shoaf, defendant,'* a true copy of which Judgment is attached hereto.

2. That the plaintiff, Peggy Shoaf, and the defendant, Ted B. Shoaf, were legally divorced from each other on the 26th day of February, 1971.

3. That Jeffrey Byron Shoaf, the son of the plaintiff and the defendant who was 17 years of age at the time the June 11, 1970 Judgment was entered, became 18 years of age on the 13th day of January, 1971; that said Jeffrey Byron Shoaf graduated from high school in May or June of 1971, and is presently residing with his mother, Peggy Shoaf, Route 3, Leicester, North Carolina, and is presently enrolled as a student in the University of North Carolina at Asheville.

4. That the defendant paid to the plaintiff the total sum of $400 during the month of October, 1971 and a like sum during the month of November, 1971.

5. That the former home of the plaintiff and the defendant located at Route 3, Leicester, North Carolina, has not as yet been sold but that the plaintiff is presently residing therein with Jeffrey Byron Shoaf and paying the payments on said home."

The pertinent portions of the consent judgment dated 11 June 1970, referred to in the agreed statement of facts, are as follows:

"4) IT IS FURTHER ORDERED that the Plaintiff be, and she is hereby, entitled to a Writ of Possession of the home presently owned by the parties hereto as tenants by the entireties located at Route #3, Leicester, County of Buncombe, State of North Carolina, wherein to reside with said minor child, free from any interference from the Defendant, until such time as said minor child graduates from high school; that upon graduation from high school of the minor child, the parties shall place said home and property on the market for sale at an agreed price, and shall make all efforts to expeditiously sell the same . . . that pending said sale, the Plaintiff shall be entitled to use and occupy the premises, and until such time as the home is sold, the Plaintiff shall pay the payments on said property;

5) IT IS FURTHER ORDERED that the Defendant shall pay to the Plaintiff until such time as the said home is sold, as hereinbefore provided, the sum of FIVE HUNDRED and no/100 DOLLARS ($500.00) per month, of which sum THREE HUNDRED and no/100 DOLLARS ($300.00) shall be alimony for the use and benefit of the Plaintiff and TWO HUNDRED and no/100 DOLLARS ($200.00) shall be child support; that as such time as the home is sold, the Defendant shall thereafter pay to the Plaintiff alimony in the sum of THREE HUNDRED and no/100 DOLLARS ($300.00) per month, and as long as the minor child is residing in said home, whether or not a full-time student or otherwise, the Defendant shall pay an additional ONE HUNDRED and no/100 DOLLARS ($100.00) per month for the support of said minor child;

That said payments of alimony, support and maintenance for the Plaintiff shall continue during the lifetime of the Plaintiff or until such time as she remarries, and that said payments for child support shall continue until such time as said minor child reaches his majority or is otherwise emancipated. . . . "

Based on the stipulated facts and the consent judgment, the trial court concluded "that it was the intention of the parties to contract for the Defendant to pay to the Plaintiff the sum

of $500.00 per month until the home was sold and thereafter payments in accordance with Paragraph (5) of the Judgment until said child attained 21 years of age. . . . "

From an order denying defendant's motion in the cause and directing the defendant to pay to the plaintiff the arrearage due under the terms of the consent judgment through November 1971 in the sum of $200, the defendant appealed.

*Riddle & Shackelford by Robert E. Riddle for plaintiff appellee.*

*Williams, Morris and Golding by James W. Golding for defendant appellant.*

HEDRICK, Judge.

The only question presented on this appeal is whether G.S. 48A-2, effective 5 July 1971, relieved the defendant of his obligation to pay support for his son Jeffrey Byron Shoaf under the terms of the consent judgment dated 11 June 1970.

G.S. 48A-1 provides: "The common law definition of minor insofar as it pertains to the age of the minor is hereby repealed and abrogated." G.S. 48A-2 provides: "A minor child is any person who has not reached the age of 18 years."

The defendant contends that his son Jeffrey Byron Shoaf, having become 18 years of age on 13 January 1971, "reached his majority" on 5 July 1971, the effective date of G.S. 48A-2, and that as a result thereof he had no further obligation under the terms of the consent judgment to contribute to his support.

[1-4] Before the enactment of G.S. 48A, it was evident that the meaning of "minor child" within the purview of the custody and support statutes, G.S. 50-13.4 *et seq.*, contemplated the common law age of majority, 21. *Speck v. Speck*, 5 N.C. App. 296, 168 S.E. 2d 672 (1969) ; *Crouch v. Crouch*, 14 N.C. App. 49, 187 S.E. 2d 348 (1972). After the enactment of G.S. 48A-2, one's legal obligation to support his on her child ends at age 18, absent a showing that the child is insolvent, unmarried and physically or mentally incapable of earning a livelihood. *Crouch v. Crouch, supra;* 1 R. E. Lee, North Carolina Family Law (Cum. Supp. 1972), § 223. However, contracts between parents providing for support and educational expenses of their chil-

Shoaf v. Shoaf

dren over and above their legal obligation to do so are binding and must be construed as any other contract. *Owens v. Little,* 13 N.C. App. 484, 186 S.E. 2d 182 (1972) ; *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425 (1971) ; *Layton v. Layton,* 263 N.C. 453, 139 S.E. 2d 732 (1965) ; *Church v. Hancock,* 261 N.C. 764, 136 S.E. 2d 81 (1964) ; *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113 (1962). A consent judgment is a contract between the parties entered upon the records of the court with the approval and sanction of a court of competent jurisdiction. It is construed as any other contract. 5 Strong, N.C. Index 2d, Judgments, § 10; *Owens v. Little, supra; Mullen v. Sawyer, supra; Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826 (1961). " 'The heart of a contract is the intention of the parties, which is ascertained by the subject matter of the contract, the language used, the purpose sought, and the situation of the parties at the time.' *Pike v. Trust Co.,* 274 N.C. 1, 161 S.E. 2d 453." *Mullen v. Sawyer, supra.* Laws in force at the time of execution of a contract become a part thereof, including those laws which affect its validity, construction, discharge and enforcement. 2 Strong, N.C. Index 2d, Contracts, § 1, p. 292.

[5, 6]  When the consent judgment was entered in the present case, the parties presumably knew that the defendant was legally obligated to support his son until he was 21 years of age. Thus, it appears that the primary purpose of the agreement was to fix the amount of the payments. The house, according to the terms of the consent judgment, was to be placed on the market when the son graduated from high school which was in "May or June of 1971" after his eighteenth birthday in January 1971. Obviously, the parties did not consider that their son would possibly attain his majority at age 18; moreover, the defendant recognized his obligations under the consent judgment after the effective date of G.S. 48A-2 by making at least part of the payments required by the judgment. An interpretation given a contract by the parties themselves prior to the controversy must be given consideration by the courts in ascertaining the meaning of the language used. *Goodyear v. Goodyear, supra.* Thus, we think the trial judge correctly concluded that it was the intention of the parties that the defendant would make payments for the support of his son in accordance with paragraph 5 of the consent judgment until said child attained 21 years of age.

The order appealed from is affirmed.

Affirmed.

Judge BROCK concurs.

Judge VAUGHN dissents.