DURHAM v. HALE

[101 N.C. App. 204 (1990)]

ESTELLA DURHAM v. JOSEPH E. HALE AND WIFE, ROBBIE M. HALE

No. 9012DC368

(Filed 18 December 1990)

**Contracts § 27 (NCI3d) — terms of contract — sufficiency of evidence to support findings**

·   In an action to recover the balance due on a contract for the sale of plaintiff's house to defendants where defendants counterclaimed for repairs they made to the property, evidence was sufficient to support the trial court's findings with regard to the sales price, defendants' assumption of first and second mortgages on the property, plaintiff's renting of the premises, unpaid rent and late charges, plaintiff's unauthorized removal of a refrigerator from the premises, and lack of defendants' entitlement to recovery for repairs.

**Am Jur 2d, Vendor and Purchaser § 743.**

Judge WYNN dissenting.

APPEAL by defendants from *Cherry (Sol G.), Judge.* Judgment entered 16 January 1990 in District Court, CUMBERLAND County. Heard in the Court of Appeals 3 December 1990.

This is a civil action wherein plaintiff seeks to recover from defendants the balance due on the purchase price from the sale of her home to defendants. Defendants filed an answer denying that they owed plaintiff anything and alleged in a counterclaim that plaintiff owed them for repairs they had made on the property.

After a hearing, without a jury, Judge Cherry made detailed findings of facts and conclusions of law which are set out in part as follows:

2. That on or about the 2nd day of March, 1988, the Plaintiff and Defendants entered into an agreement for the purchase and sale of a residence owned by the Plaintiff and located at 5244 Brownwood Drive, Fayetteville, North Carolina.

3. That the Defendants agreed to purchase the property from the Plaintiff for a total price of $54,027.00.

4. That as a part of the purchase price, the Defendants agreed to assume and pay the outstanding balance due on

a first mortgage to First Wachovia Corporation in the amount of $38,900.00.

5. That the Defendants further agreed to assume and pay the outstanding balance on a second mortgage to Fleet Finance Company in the amount of $9,311.00.

6. That the balance due the Plaintiff at the time of closing the transaction was $5,805.00.

7. That on the 15th day of March, 1988 the Plaintiff executed and delivered a Warranty Deed to the Defendants conveying title to the property.

8. That the Plaintiff agreed to occupy and pay rent on the premises from the 1st day of March, 1988 to the 1st day of July, 1988; that the amount of the rent was $595.00 per month.

9. That the Plaintiff did in fact occupy the residence and pay the monthly rental until mid June, 1988, leaving a balance due of $358.75 for unpaid rent and late charge.

10. That under the terms of the Sales Contract, the Plaintiff agreed to leave a refrigerator in the residence, which said refrigerator was removed by the Plaintiff at the time she vacated the premises; that the fair market value of the refrigerator on May 2, 1988 and on July 1, 1988 was $700.00.

2. That the Plaintiff is entitled to recover of the Defendants the sum of $5,805.00 as the balance due on her contract, setting off and deducting from said amount the sum of $700.00 for the refrigerator removed by Plaintiff, and the sum of $358.75 for rental due on the contract, but the Defendants are not entitled to recover from the Plaintiff any items of repair claimed in their counterclaim.

Based on its findings and conclusions, the trial court entered a judgment ordering that plaintiff have and recover of defendants $4,746.25. Defendants appealed.

*Downing, David, Maxwell & Melvin, by Harold D. Downing, for plaintiff, appellee.*

*Barrington, Herndon & Raisig, P.A., by Carl A. Barrington, Jr., and Paul A. Raisig, Jr., for defendants, appellants.*

HEDRICK, Chief Judge.

By their two assignments of error brought forward and argued on appeal, defendants' principal contention is that the findings of fact made by the trial judge are not supported by the evidence and that the conclusions of law drawn therefrom do not support the judgment entered. We disagree.

Defendants argue that the trial judge "misconstrued" the agreement between the parties with respect to the sale and purchase of the property. In their brief, defendants state "[t]he trial court, under the guise of construction, had no power to write into the contract between [plaintiff] and [defendants] any provision that was not there in fact or by implication of law."

It is well settled that where the terms of a written contract are unambiguous, the interpretation is a question of law; but when the terms of the contract are ambiguous, or leave something to be decided, it is for the finder of fact to construe the contract. *MAS Corp. v. Thompson*, 62 N.C. App. 31, 302 S.E.2d 271 (1983); *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E.2d 113 (1962).

In the present case, Judge Cherry was the "finder of fact," and his findings and conclusions with respect to the terms of the agreement between the parties were amply supported by the evidence presented. Therefore, the judgment of the trial court will be affirmed.

Affirmed.

Judge LEWIS concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I must respectfully dissent from the majority opinion in this case.

The appellants (hereinafter referred to as "buyers") tendered an offer to purchase to the appellee (hereinafter referred to as "seller") on 2 March 1988 to purchase seller's mortgaged residence for the sum of $54,027.00. In connection with this offer, the buyers offered to assume an existing mortgage on the property in the amount of $38,911.00, thereby leaving a balance to the seller in the amount of $15,116.00. The contract stated that "the loan balance

## DURHAM v. HALE

[101 N.C. App. 204 (1990)]

and the balance of the purchase price are to be adjusted to the date of closing." This part of the contract was signed and dated by the buyers and seller on 2 March 1988.

Apparently, a second assumable mortgage existed on the residence. Also, the seller was in substantial default on both mortgages. In light of these additional facts, a handwritten proviso was put on the back of the contract stating:

Buyers to assume 2d mortgage which is held by Fleet Finance Co. in the amount of approximately 9,311.00.

If Seller moves before July 1st [R]ent for each month will be deducted from $2000.00

Buyers are actively engaged in real estate and purchasing said property for monetary gain.

Buyers to catch 1st and 2d mortgage[s] payments up by the 17th of March 1988. (3,805.00)

Buyers will give Seller $2,000 July 1, 1988.

/s Joseph E. Hale        /Estella Dunn

/s Robbie M. Hale

This proviso was signed by all parties at a time period that was not stated in either the contract or the record on appeal.

The trial court construed the contract as implying that the seller's proceeds from the sale were to be the difference between the stated price and the outstanding mortgages, notwithstanding the buyers' assumption of the arrearages. Moreover, the trial court did not address the express terms of the contract which provided that the seller was to receive from the buyers the sum of $2,000.00, less any deduction for any unpaid rent.

In my view, the contract expressly provided for the following result:

| | |
|---|---|
| Selling price | $54,027.00 |
| Minus 1st mortgage | 38,911.00 |
| Minus 2nd mortgage | 9,311.00 |
| Minus amount in arrears | 3,805.00 |
| Balance to Seller (less other deductions) | $ 2,000.00 |

Because I believe the above-stated result was clearly intended by the parties, I disagree with the trial court's ruling which held otherwise.