## KNIGHT v. HATFIELD.

(Filed November 5, 1901.)

1. ATTACHMENT—*Vacation—Parol Contract.*

> It is proper for a trial judge to vacate an attachment pending trial of the action where it plainly appears from the pleadings that the action of plaintiff must fail.

2. ATTACHMENT—*Bond.*

> Defendant in attachment need not give bond where it appears on the face of the warrant that the attachment was issued for an insufficient cause.

3. ATTACHMENT—*Contracts—Betterments.*

> On motion to vacate an attachment the court need not pass on matters irrelevant to the attachment.

ACTION by J. S. Knight & Co. against Asa Hatfield, heard by Judge *Frederick Moore,* at Chambers, in Rockingham, RICHMOND County, on the 16th day of January, 1901. From a judgment for the defendant, the plaintiffs appealed.

*McIver & Spence,* for the plaintiffs.
*Black & Adams,* and *Douglass & Simms,* for the defendant.

MONTGOMERY, J.   The contract, for the alleged breach of which the plaintiffs brought their action in damages, appears (upon the face of the complaint) to have been one for the conveyance of a plant for the manufacturing, drying and dressing of lumber, not in writing, the plant consisting of necessary machinery, together with the site on which the same was located. The defendant was a non-resident of the State of North Carolina, and on that ground an attachment was sued out and levied upon the plant, including the real estate and machin-

ery. The defendant, in his motion to vacate and dissolve the attachment, denied that he ever made the contract to convey the plant to the plaintiff, and averred that the same as alleged by the plaintiff was void under the Statute of Frauds.

His Honor found as facts, First, that if such contract ever existed, it was not reduced to writing, and that no note or memorandum thereof was ever reduced to writing; second, that the property consisted of both real and personal estate. There were other findings of fact not necessary to be mentioned in this opinion.

It was admitted that the defendant was a non-resident at the time of the commencement of the action, and at the time the warrant of attachment was issued and served. The attachment was vacated and dissolved by his Honor, and the attached property ordered to be released.

The plaintiffs contend that although the complaint, used as an affidavit in the attachment proceedings, alleged damages for the breach of a contract to convey a plant consisting of real estate and the machinery used therewith for the drying, dressing and manufacturing of lumber, and notwithstanding the fact that the defendant, while denying the contract, also set up the plea of the Statute of Frauds against its enforcement, if it had been made as stated in the complaint, yet his Honor should have refused to vacate the attachment because it appeared that the defendant was a non-resident of the State, and that that was a sufficient ground for the attachment to issue. The plain meaning of which contention is, that the alleged breach of contract as to whether it was valid or binding or not, was an issue of fact that could not be found by his Honor upon the motion to vacate the attachment, but must be submitted to the jury for their finding on the trial of the action. If it be conceded that the property seized under the attachment must be held *in custodia legis* until the main action shall have been determined, yet

that rule must be relaxed and changed in a case like the one before us. The seizure of property under attachment in this State is an extraordinary remedy and in derogation of the common law. It is also immediate and harsh in its effects, and is liable to be used for purposes of oppression. Such proceedings, therefore, will always demand the closest attention of the Courts, and will not be upheld except in cases where it is plainly to be seen that the modes of its procurement are regular, and that the property which is the subject of attachment should be kept under the control of the Court until the main action is tried and determined.

It is apparent upon the face of the affidavits of both parties, and the complaint of the plaintiff itself, that the plaintiff can not recover in this action. In his complaint he declares upon a breach of contract to convey property embracing land and machinery used as a whole—a plant—not in writing; and the defendants, in their affidavits, simply recite the plaintiff's statement of his own case, deny the contract as alleged, and plead the Statute of Frauds, if it was so made. The findings of fact by his Honor are simply a repetition of the facts stated in the plaintiff's complaint and affidavits. There is no issue joined between the parties as to the contract. If the contract is taken to be admitted by the defendant as set out in the complaint, yet, as the Statute of Frauds is pleaded against it, the law declares it unenforceable, and there is no issue of fact about it to be tried.

The plaintiff further excepted to the order of his Honor vacating the attachment, because the defendant gave no bond before the order was made. It was not necessary that the bond should have been executed in a case like this. Why execute a bond to provide against a contingency that never could arise, to-wit, to pay the plaintiff the amount of any judgment that the plaintiff might recover against the de-

13——129

fendant in the action ?   In *Devries v. Summit,* 86 N. C., 126, it was decided that a bond or undertaking would not be necessary when the warrant "on its face appears to have been issued irregularly, or for a cause insufficient in law, or false in fact." And the same reasoning would cover this case.

The plaintiff further excepted to the failure of his Honor to find that the plaintiff had expended various amounts of money on the property under his alleged contract and while he was in possession of it from a lease of the defendant. That has nothing to do with the attachment proceedings. Whatever bearing it may have on the matter is to be heard and decided by another method.

At the hearing of the motion to vacate the attachment, the Sheriff made application to his Honor for instructions as to his duty in connection with the attached property, and the plaintiff excepted to the order of his Honor directing him to deliver it to the defendant. It is unnecessary to consider that order, and we make no comment on it. Otherwise there was

No Error.