S. A. STEVENS v. CORNELIA VANDERBILT CECIL.

(Filed 18 March, 1936.)

1. **Principal and Agent C a—General manager of principal's dairy held without implied authority to make contract to employ plaintiff for life.**

   Plaintiff declared on an alleged contract of employment for life made on defendant's behalf by her agent. *Held:* In the absence of evidence tending to show the authority of the agent to make the alleged contract or ratification of same by defendant, defendant's motion to nonsuit should have been allowed.

2. **Appeal and Error J g—**

   Where it is determined on plaintiff's appeal that defendant's motion to nonsuit should have been allowed, defendant's appeal from the ruling of the court on her exceptions taken in the county court need not be considered.

APPEAL by both plaintiff and defendant from *Oglesby, J.,* at December Term, 1935, of BUNCOMBE. Affirmed in plaintiff's appeal; defendant's appeal dismissed.

This is an action to recover damages for the breach of a contract by which the defendant, for a valuable consideration, agreed to employ plaintiff for his life, and to pay him the sum of $4.00 per day so long as he shall live.

The plaintiff alleges in his complaint that the contract alleged therein was made with him, on behalf of the defendant, by Frank Daly, superintendent and manager of the Biltmore Dairy, which was owned and operated by the defendant at the time the alleged contract was made. This allegation is denied by the defendant. She expressly denies in her answer that Frank Daly, as superintendnt and manager of the Biltmore Dairy, was authorized by her to make the contract alleged in the complaint on her behalf. She pleads in bar of plaintiff's recovery in this action the three-year statute of limitations.

The action was begun and tried in the general county court of Buncombe County.

Issues submitted to the jury were answered as follows:

"1. Is the plaintiff's cause of action barred by the statute of limitations?  Answer: 'No.'

"2. Did the defendant Cornelia Vanderbilt Cecil agree and contract with the plaintiff to employ the plaintiff for his life, as alleged in the complaint?  Answer: 'Yes.'

"3. If so, did the defendant Cornelia Vanderbilt Cecil breach such contract and agreement?  Answer: 'Yes.'

"4. What damages, if any, is the plaintiff entitled to recover of the defendant?  Answer: '$10,000.' "

From judgment that plaintiff recover of the defendant the sum of $10,000, and the costs of the action, the defendant appealed to the Superior Court of Buncombe County, assigning numerous errors in the trial.

At the hearing of defendant's appeal, the judge of the Superior Court sustained defendant's assignment of error based upon her exception to the refusal of the trial court to dismiss the action by judgment as of nonsuit, and overruled assignments of error based upon other exceptions taken during the trial.

From judgment reversing the judgment of the general county court, and dismissing the action, both the plaintiff and the defendant appealed to the Supreme Court, each assigning errors in the rulings of the judge of the Superior Court at the hearing of defendant's appeal from the judgment of the general county court.

*Don C. Young and Jones & Ward for plaintiff.*
*Adams & Adams for defendant.*

CONNOR, J.  An examination of all the evidence at the trial of this action in the general county court fails to disclose any evidence tending to show that Frank Daly, superintendent and manager of the Biltmore Dairy, which was owned and operated by the defendant, at the time the contract alleged in the complaint was made by him with the plaintiff, as testified by the plaintiff, was authorized by the defendant to make said contract.  There was no evidence at the trial tending to show that the defendant had ratified said contract, and thereby become bound to perform the same.  For this reason, there was no error in the ruling of the judge of the Superior Court sustaining defendant's assignment of error based on her exception to the refusal of the trial court to allow her motion, at the close of all the evidence, for judgment dismissing the action as of nonsuit.  See *Stephens v. Lumber Co.,* 160 N. C., 107, 75 S. E. 933.  The judgment of the Superior Court, which is in accord with this ruling, is affirmed.

As the judgment dismissing the action is affirmed, the defendant's appeal need not be considered. It is dismissed. *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661.

Affirmed in plaintiff's appeal.

Defendant's appeal dismissed.