### S. A. STEVENS v. CORNELIA VANDERBILT CECIL.

(Filed 18 October, 1939.)

1. **Process § 5—**

   Where it appears that the cause of action alleged had theretofore been finally determined against plaintiff in a prior suit, such cause of action will not support service of process by publication and attachment.

2. **Same—**

   An action to cancel a judgment of *retraxit* will not support the service of process by publication and attachment, since it is not one to recover a sum of money only nor damages for one or more of the causes of action enumerated in the statute, C. S., 798.

APPEAL by plaintiff from *Pless, J.,* at February Term, 1939, of BUNCOMBE. Affirmed.

*Don C. Young and Frank Carter for plaintiff, appellant.*
*Adams & Adams for defendant, appellee.*

SCHENCK, J.  This is an appeal from an order vacating an attachment made upon motion of the defendant lodged under a special appearance.

The plaintiff had summons to issue against the defendant which was returned "Due search made, defendant not to be found in Buncombe County." Upon the plaintiff's filing proper undertaking, the clerk issued a warrant of attachment, and ordered that service of summons and of the attachment be made by publication. The sheriff served the summons and attachment upon C. D. Beadle, Secretary-Treasurer and North Carolina process officer of the Biltmore Company, and an order to said C. D. Beadle requiring him to appear before the clerk and answer upon oath as to the ownership of capital stock in the Biltmore Company by the defendant.

The defendant entered a special appearance and moved to dismiss the attachment and order of garnishment for that it appeared from the complaint filed that an attachment did not lie.

The complaint, which was used as an affidavit to procure the attachment, alleges two causes of action. The first cause of action alleged being that the plaintiff, while an employee of the defendant, was permanently injured by the negligence of the agents of the defendant and had instituted action for damages caused by said injury, and that shortly after issue was joined in said action the defendant's agent and manager falsely and fraudulently represented to the plaintiff that he had power to settle and compromise said action, and thereby induced the plaintiff to compromise said action for the nominal sum of $75.00 and a contract for permanent employment, which contract the defendant breached. The cause of action thus alleged has been determined adversely to the plaintiff. *Stevens v. Cecil,* 209 N. C., 738. Hence it plainly appears from the pleadings that the so-called "first cause of action" must fail and that it was proper so far as said "first cause of action" was concerned to vacate the attachment. *Knight v. Hatfield,* 129 N. C., 191.

The prayer for relief in the second cause of action alleged in the complaint is that the *"retraxit"* be canceled and the aforementioned judgment of nonsuit be stricken out and that said former action be reinstated on the Civil Issue Docket of this court for trial according to the course and practice of the courts." It is apparent that this action is neither "to recover a sum of money only," nor "damages for one or more" of the causes enumerated in the statute, C. S., 798. Hence the attachment was properly vacated in so far as the second cause of action alleged in the complaint is concerned.

The judgment of the Superior Court is
Affirmed.