LLOYD M. TYNDALL, PLAINTIFF, v. MURIEL T. TYNDALL, DEFENDANT, AND GOLDSBORO SAVINGS AND LOAN ASSOCIATION, GARNISHEE.

(Filed 12 April, 1967.)

**1. Divorce and Alimony § 23—**

Allegations that plaintiff husband paid certain sums to his wife under court order solely for the support of the children of the marriage, that the wife failed to use the money for the support of the children but used a part of it for her sole benefit and had deposited the balance in a savings account in her name, fails to state a cause of action, irrespective of allegations of fraud, since the facts alleged would give rise to a cause of action for the benefit of the children, but not a cause of action in favor of plaintiff to recover for his own benefit the moneys paid for the support of the children.

**2. Pleadings § 19—**

Where plaintiff's allegations affirmatively disclose that the cause of action he attempted to allege is fatally defective, the court properly dismisses the action upon demurrer.

**3. Pleadings § 24—**

A motion to be allowed to amend after trial is begun is addressed to the discretion of the trial court, and the denial of the motion will not be disturbed in the absence of a showing of abuse.

**4. Attachments § 1—**

Where the allegations of the complaint affirmatively disclose that the cause of action attempted to be alleged is fatally defective, the incidental attachment of plaintiff's property must be dissolved.

APPEAL by plaintiff from *Copeland, Special Judge,* December 1966 Civil Session of WAYNE.

Summons was issued and complaint filed on November 1, 1966. Simultaneously therewith levy was made, in ancillary attachment proceedings, on a savings account of $1,380.62 in the name of defendant in Goldsboro Savings and Loan Association.

The complaint alleges in substance, except when quoted, the following: Plaintiff and defendant, formerly husband and wife, were divorced on March 4, 1963. A consent judgment entered in the di-

vorce action obligated plaintiff to pay to defendant $200.00 a month for the support of their two children and to make mortgage payments of $75.00 per month. Plaintiff complied therewith until October 6, 1966, "when said judgment was modified." In addition, plaintiff paid to defendant or to others "for her benefit and the benefit of the two children" large sums, averaging in excess of $100.00 each month, in reliance on defendant's representations to him each month that "she was broke," and that the children would "go hungry" and "go lacking," if he did not furnish support money "over and above the amounts required in the consent judgment." In this manner defendant "wilfully and intentionally tricked the plaintiff out of $2,880.00," and "practiced fraud and deceit upon him, thereby obtaining his money when she would not have done so by a truthful representation of the facts." Since August 1, 1963, defendant has diverted $2,880.00 paid to her "for the children's benefit," placed it in a savings account in her name in Goldsboro Savings and Loan Association and made withdrawals from time to time for her sole benefit. The balance in said savings account is $1,380.62. Plaintiff first became aware of the fraud and deceit practiced upon him by defendant in October 1966, when plaintiff, "because of the defendant's addiction to the excessive use of alcohol and her resulting inability to care for the plaintiff's children," made a motion "for a modification of the consent support judgment previously entered." Plaintiff alleges defendant is indebted to him in the sum of $2,880.00.

Plaintiff does not allege in what manner the 1963 consent judgment was modified on October 6, 1966.

The ground for attachment stated in plaintiff's affidavit therefor is that "the defendant has secreted, and intends to continue secreting, a certain savings account in the amount of $1,380.62 at Goldsboro Savings and Loan Association, Goldsboro, North Carolina, for the express and specific purpose of defeating such judgment as the plaintiff might obtain in this action."

Defendant demurred and moved (1) to dissolve the attachment and (2) to dismiss the action.

The court, being of the opinion the complaint fails to state a cause of action and that the affidavit for attachment fails to comply with G.S. 1-440.3, entered judgment sustaining the demurrer, dissolving the attachment and dismissing the action. Prior to the entry of said judgment, the court, in its discretion, had denied motions by plaintiff for leave to amend his complaint and his affidavit for attachment.

*Robert H. Futrelle for plaintiff appellant.*
*Herbert B. Hulse for defendant appellee.*

PER CURIAM.  Plaintiff knew his children would not "go hungry" if the two hundred dollars per month he paid in compliance with the consent judgment were used for their support. Moreover, he knew his children would "go lacking" in some respects if he did not make additional payments for their support. Whatever the status of defendant's personal financial affairs the gravamen of the complaint is that defendant failed to use money paid to her for the support of the children for that purpose, but used part of it for her sole benefit and now has the balance in a savings account.

Conceding plaintiff's allegations are sufficient to establish $2,880.00 was paid by plaintiff to defendant for use solely for the support of the two children, her failure to use the money for that purpose would give rise to a cause of action for the benefit of the children, to be prosecuted in their behalf, not to the cause of action plaintiff has attempted to allege, namely, a cause of action to recover for his own benefit a judgment against defendant in the amount of $2,880.00.

It would seem plaintiff's allegations affirmatively disclose the cause of action he attempts to allege is fatally defective. If so, this was sufficient ground for sustaining the demurrer and dismissing the action. *Parrish v. Brantley,* 256 N.C. 541, 124 S.E. 2d 533. Be that as it may, plaintiff's present allegations, particularly with reference to fraud, are fatally defective; and it was proper to sustain the demurrer on this ground. Moreover, since the court, in its discretion, denied plaintiff's motion for leave to amend the complaint, a dismissal of the action was proper. There is nothing in the record tending to support plaintiff's assertion that the court abused its discretion in denying his motion for leave to amend.

Under these circumstances, independent of considerations relating to the sufficiency of the affidavit for attachment, the order of attachment was properly dissolved. *Knight v. Hatfield,* 129 N.C. 191, 39 S.E. 807. Hence, the judgment of the court below is affirmed.

Affirmed.