JUANITA F. ZANDE v. ALBERT ZANDE

No. 6828SC401

(Filed 11 December 1968)

1. **Divorce and Alimony §§ 20, 23— post-divorce proceedings — attorney's fees — child support**

The trial judge may not order the husband to pay attorney's fees for services rendered to the wife subsequent to the divorce of the parties, but he may, in the exercise of discretion, order the husband to pay attorney's fees for services rendered on behalf of the minor children of the marriage.

2. **Trial § 57— trial by court without jury — admission of incompetent evidence**

There is a rebuttable presumption in a trial before a judge without a jury that if incompetent evidence was admitted it was disregarded and did not influence the judge's findings.

3. **Divorce and Alimony § 22— child custody and support — modification of decree**

Any judgment, entered by consent or otherwise, determining the custody and maintenance of minor children may be modified by the court at any time changed conditions make a modification right and proper.

4. **Divorce and Alimony § 23— child support — sufficiency of evidence and findings of fact**

In a hearing upon the wife's motion for an increase in the husband's support payments for the minor children of the marriage, the evidence is sufficient to show a change of condition in the support needs of the three minor children and to support a finding of fact that the children require $775.00 per month, but the evidence is insufficient (1) to support

a finding relating to the college plans of the daughter or (2) to support an order reducing future support payments to a stated amount after the daughter is graduated and after the eldest son becomes twenty-one years of age or is emancipated.

**5. Divorce and Alimony § 23— child support — father's right to accounting**

The father is not entitled to an accounting from the mother for money awarded to her as payments for the support of the children.

**6. Parent and Child § 7; Divorce and Alimony § 23— father's right to control higher education of child — effect of loss of custody**

Unless his parental authority has been taken away by the court, the father is the one to decide the extent of and the place of the education of his child beyond that which is provided by the public school system, but where the custody of the child has been taken from the father by the court, it is for the custodian to make such decision, subject to the approval of the court in cases where the father is required to pay therefor.

APPEAL by defendant from *McLean, J.,* 6 June 1968 Session of Superior Court of BUNCOMBE County.

Plaintiff and defendant were married 11 January 1941. There were born of this marriage three children, to wit: Angela Charlotte Zande on 5 April 1949, Michael Lawrence Zande on 25 July 1950, and Anthony Lewis Zande on 21 June 1954.

Plaintiff instituted this action on 13 March 1962 in the Superior Court of Buncombe County to recover alimony without divorce, counsel fees, and custody of the children born of the marriage. A temporary order awarding plaintiff $450.00 per month as support for the plaintiff and the children, the home at 231 Edgewood Road, Asheville, North Carolina, attorney fees, and custody of the children was entered on 23 March 1962. Out of this sum plaintiff was to pay the monthly mortgage payment on the home of approximately $72.50.

On 18 November 1965 the defendant, Albert Zande, instituted an action against the plaintiff herein, Juanita F. Zande, in the General County Court of Buncombe County for an absolute divorce. Juanita F. Zande filed answer and cross action on 24 December 1965.

On 14 January 1966 in the Superior Court of Buncombe County, a "Final Judgment" in this action was entered. This judgment was signed by each of the parties and their attorneys indicating their consent thereto. This judgment provided that the title to the home was to be conveyed to plaintiff. Defendant was to pay the unpaid balance due on the home and $300.00 to repair the roof of the

house. In addition, defendant was to pay $350.00 per month for the support of the children whose custody was given to the plaintiff. No more attorney fees for the plaintiff were to be paid by defendant. Also, defendant expressed a desire, voluntarily and without compulsion, to assist the children to obtain a higher education if they desired and requested such assistance from him.

On 17 January 1966 the answer of Juanita F. Zande to the divorce action instituted by Albert Zande in the General County Court of Buncombe County was withdrawn at her request. On 31 January 1966 a judgment was entered in the General County Court of Buncombe County dissolving the marriage between the parties. The decree of absolute divorce mentions the fact that the children are in the custody of and residing with Juanita F. Zande, the plaintiff herein. The divorce decree, however, does not refer to the support of the children or to the judgment awarding the custody to Juanita F. Zande.

On 12 October 1967 Albert Zande filed notice of a motion in the cause asking "for a reduction of the payments the defendant has heretofore been ordered to pay to the plaintiff for the support of his three (3) children born of his marriage to the plaintiff in keeping with the change of condition set forth in a copy of said motion attached and served herewith." The change of condition alleged was that Angela Charlotte Zande had become eighteen years of age and was attending King's Business College in Charlotte and that he was paying her expenses there.

On 7 December 1967 the plaintiff filed answer and a motion to increase the payments for the support of the children from $350.00 to $450.00 per month. She alleged, among other things, increased living expenses and the needs of the children and the fact that defendant's income had increased substantially since the entry of the final judgment.

Defendant replied to plaintiff's motion and requested, among other things, that he, the defendant, be permitted to continue with his performance of a consent judgment entered on "23 January 1966." On 11 January 1968 Judge McLean, on motion of defendant's attorney, ordered the dismissal of defendant's motion to reduce the support payments.

Defendant moved to dismiss plaintiff's motion for an increase in support payments. This motion was denied on 2 February 1968 and plaintiff was allowed twenty days "in which to file an amended motion for an increase of support payments."

Plaintiff on 12 February 1968 filed another motion to increase support payments for the children. In this motion plaintiff asks for $1,200.00 per month for the support of the children and in addition thereto, the defendant be required to pay attorney fees and the cost of a higher education for each of the three minor children until they reach the age of twenty-one years.

After hearing the evidence of the parties, Judge McLean on 6 June 1968 found facts, made conclusions of law, and entered the following order:

> "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff the sum of $775 per month for the support, maintenance and education of said three children, commencing on the 23rd day of June, 1968, and continuing thereafter until such time as Angela C. Zande graduates from the King's Business College (Executive Secretarial Course) at which time said payments shall be reduced to $550 per month, which payment shall continue until such time as Michael L. Zande graduates from the School of the Arts, becomes 21 years of age, or otherwise becomes emancipated under law. That thereafter said support payments shall be decreased to the sum of $400 per month, to be used for the support, maintenance and education of Anthony L. Zande, until said child graduates from college, reaches the age of 21 years, or otherwise becomes emancipated under law.
>
> IT IS FURTHER ORDERED that the defendant shall pay the plaintiff's attorney the sum of $500.00, in compensation for the services rendered on behalf of the plaintiff and the three minor children since October 13, 1967.
>
> IT IS FURTHER ORDERED that this matter be retained by the court, subject to further orders of this court.
>
> All provisions of the judgment of January 14, 1966, not inconsistent with the provisions herein recited, shall remain in full force and effect."

From this order, defendant appeals and assigns error.

*Williams, Williams & Morris by John Golding for plaintiff appellee.*

*Sanford W. Brown for defendant appellant.*

MALLARD, C.J.

[1]    Appellant contends that the "Final Judgment" entered with the consent of the parties and their respective counsel in this cause

on 14 January 1966, terminated the defendant's liability to further support the plaintiff and to pay her counsel fees. The question of support for the plaintiff is not presented by this record. The judgment appealed from makes no provision for the support of the plaintiff.

In *Becker v. Becker*, 273 N.C. 65, 159 S.E. 2d 569, it is said, "Attorneys fees for services rendered subsequent to plaintiff's divorce may be allowed only for services rendered *on behalf of the children.*" (emphasis added) The parties hereto were divorced 31 January 1966 which was before this motion was filed. It was also set out in the judgment dated 14 January 1966 that defendant would not be liable for further counsel fees for plaintiff's attorney. There is no finding of fact in the record herein which can serve as a basis for ordering payment of attorney fees. It was error for the judge to order defendant to pay plaintiff's attorney for "services rendered on behalf of the *plaintiff* and the three minor children since October 13, 1967." It is, however, proper for the trial judge, in the exercise of discretion, to order a defendant, in proper cases upon proper findings, to pay attorney fees for services rendered on behalf of minor children.

[2]   Defendant also contends and argues that evidence of plaintiff's income, the cost of plaintiff's living expenses, including the cost of upkeep of her house and automobile and some other expenses, were improperly admitted over objection. Appellant in his brief appears to have used "assignments of error" when he obviously intended to refer to "exceptions." It has, therefore, been difficult to determine in some instances to what appellant refers. The evidence tended to show that the children were living in the home of plaintiff and some of the evidence, admitted over objection, was competent to show the cost of the living expenses of the children. Although some of the evidence may have been incompetent, we are of the opinion that such did not influence the judge's findings and was therefore not prejudicial to defendant. There is a rebuttable presumption in a trial before a judge, sitting without a jury, that if incompetent evidence was admitted, it was disregarded and did not influence the judge's findings. Stansbury, N. C. Evidence 2d, § 4a.

[3]   Plaintiff contends that the trial court committed error in that it reviewed and revised the judgment entered by consent of the parties on 14 January 1966 by another superior court judge. There is no merit to this contention. Any judgment entered by consent or otherwise, determining the custody and maintenance of minor children, may be modified by the court at any time changed conditions

make a modification right and proper. *Story v. Story*, 221 N.C. 114, 19 S.E. 2d 136; *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332; *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240; 2 Lee, North Carolina Family Law, § 152; *Bishop v. Bishop*, 245 N.C. 573, 96 S.E. 2d 721.

[4]    Appellant contends that there was insufficient competent evidence of a change of condition in the support needs of the three minor children to support the findings of fact set out in the judgment of 6 June 1968. We think there was ample evidence to show a change of condition in the support needs of the three minor children and to support the finding of fact that the three children require $775.00 per month, which sum the defendant is financially capable of making and paying. However, as to paragraph eleven of the judgment, there is no competent evidence to support the finding of fact therein that "said daughter desires to attend college during the summer months of 1968 and graduate from her two year executive secretarial course at the close of March of 1969," and this portion of the findings of fact is stricken.

The order also provides that the $775.00 payments shall be reduced to $550.00 per month after Angela C. Zande is graduated from King's Business College and to $400.00 per month after Michael L. Zande is graduated from the School of the Arts, becomes twenty-one years of age, or otherwise becomes emancipated under the law. This does not take into consideration the amount found to be required for the support of Angela, nor does it take into account her age. Neither does this take into consideration the finding of fact in paragraph eleven that $260.00 per month of the $775.00 was required for Angela which, if no longer required, would leave only $515.00 of the $775.00 instead of the $550.00. Also not considered in the order reducing the payments were the amounts found to be required for the support of Michael. The effect of this order is to increase automatically the awards for the other two children when and if Angela is graduated from business college and to increase automatically the amount to be paid for Anthony when Michael becomes twenty-one years of age. This also assumes that Angela will be graduated from King's Business College at some time in the future.

[4]    The order reducing the payments in the future after Angela is graduated and after Michael becomes twenty-one years of age or is emancipated is not supported by the evidence or the findings of fact.

[5]    Appellant also asserts that plaintiff should account to him for the sums paid under the consent judgment of 14 January 1966. This contention is without merit. In 3 Lee, North Carolina Family

Law, § 229 (1968 Supp.), citing *Tyndall v. Tyndall*, 270 N.C. 106, 153 S.E. 2d 819, it is said, "If a mother fails to use the money awarded to her for the support of a minor child, a cause of action for the benefit of the child, prosecuted on his or her behalf, arises; the father may not recover the money for his own benefit." Under the judgment of 14 January 1966, the payments for support were to be paid by the defendant to the clerk of court. The clerk of court was required to disburse the sums so paid to plaintiff. The defendant is not entitled to an accounting from plaintiff. See also *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113.

[6] Appellant's last contention is that the father, not the child, may select the school for the child to attend in obtaining an education beyond high school when such education will be at the father's expense. Under ordinary circumstances, we think appellant's contention is correct. But here, a court of competent jurisdiction has awarded the custody to the mother. In 39 Am. Jur., Parent and Child, § 49, there appears the following:

"At common law, however, while the duty rested upon the parent to educate his child, the law would not attempt to force him to discharge this duty, and the child, at the will of the parent, could be allowed to grow up in ignorance, the law providing no remedy in such a situation. . . .

In the absence of a statute changing the common-law rule, control of the child's education is the right especially and primarily of the father. . . . Where the custody of the child has been taken from the father by a court of competent jurisdiction and awarded to the mother, the view has been taken that the mother should determine what education the child should have, and that the father, although liable for the expense involved, should be required to abide by her decision unless it is reached for a vindictive purpose, lacks adequate support in the facts, or is for some other reason clearly wrong. Other authorities, however, appear to consider that so long as the father is sought to be charged with the expense of the education he should have some voice in the type of education the child should have."

"In providing for the support of minor children the ability of the father to pay, as well as the needs of the children, must be taken into consideration by the court." *Martin v. Martin*, 263 N.C. 86, 138 S.E. 2d 801.

In *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227, the court said:

"Whatever may have been the rule at common law, a father's duty of .support today does not end with the furnishing of mere necessities if he is able to afford more. In addition to the actual needs of the child, a father has a legal duty to give his children those advantages which are reasonable considering his financial condition and his position in society."

We have not found any decision of our Supreme Court deciding the precise question of who selects the school for a minor child to attend in obtaining an education beyond that provided by the public school system of the state. We are of the opinion that the father, unless his parental authority has been taken away by the court, is the one to decide the extent of and the place of the education of his child beyond that which is provided by the public school system. However, where the custody of the child has been taken away from the father by the court, we are of the opinion that the custodian, subject to the approval of the court in cases where the father is required by the court to pay therefor, is the one to make such decision. *Esteb v. Esteb,* 138 Wash. 174, 244 P. 264; 47 A.L.R. 119; 56 A.L.R. 2d 1207; *Jenks v. Jenks,* 385 S.W. 2d 370; 24 Am. Jur. 2d, Divorce and Separation, § 796, p. 903.

The following portion of the order of 6 June 1968 is also ordered stricken:

". . . and continuing thereafter until such time as Angela C. Zande graduates from the King's Business College (Executive Secretarial Course) at which time said payments shall be reduced to $550 per month which payment shall continue until such time as Michael L. Zande graduates from the School of the Arts, becomes 21 years of age, or otherwise becomes emancipated under law. That thereafter said support payments shall be decreased to the sum of $400 per month, to be used for the support, maintenance and education of Anthony L. Zande, until said child graduates from college, reaches the age of 21 years, or otherwise becomes emancipated under law.

It Is Further Ordered that the defendant shall pay the plaintiff's attorney the sum of $500.00, in compensation for the services rendered on behalf of the plaintiff and the three minor children since October 13, 1967."

The order of Judge McLean of 6 June 1968, as modified herein, is affirmed.

Modified and affirmed.

Campbell and Morris, JJ., concur.