HARLEY H. HENDRIX v. ALL AMERICAN LIFE AND CASUALTY COMPANY

No. 7923SC363

(Filed 8 January 1980)

1. Appeal and Error § 32 — failure to object to issue submitted — no consideration of issue on appeal

In an action to recover under a disability insurance policy, defendant could not complain that the trial court erred in failing to instruct the jury that plaintiff's disabling condition must be one that has lasted or would last 24 months under the terms of the policy, since defendant did not raise that issue in the trial court and did not object to the issue submitted.

2. Insurance § 44 — disability insurance — plaintiff's employment record — inadmissibility of evidence

In an action to recover under a disability insurance policy where the sole issue presented to the jury was whether plaintiff was completely and continuously disabled from March 1976 through March 1977, evidence of plaintiff's

discharge from employment in August 1975 and of an allegation in a lawsuit that plaintiff was a good employee through the summer of 1975 was properly excluded by the trial judge.

**3. Insurance § 38.2— disability insurance—evidence of extent of disability**

In an action to recover under a disability insurance policy, the trial court did not err in permitting plaintiff's medical witness to give his opinion that plaintiff was unable to engage in any occupation, business or profession during the time in question, since the policy defined disability in terms of plaintiff's "regular occupation," and such testimony was evidence that plaintiff could not engage in his regular occupation.

APPEAL by defendant from *Rousseau, Judge.* Judgment signed 11 December 1978 in Superior Court, WILKES County. Heard in the Court of Appeals 29 November 1979.

Plaintiff commenced an action against defendant insurance company in March 1977, seeking recovery under a disability policy issued by defendant. Plaintiff alleged that he was accidentally injured on 4 April 1975, that he had been totally disabled since 15 August 1975 and was unable to engage in any gainful employment, that he had complied with the terms of the policy in all respects, that defendant had in fact made total disability payments of $200 per month through 15 March 1976, and that defendant had refused to make total disability payments since that date. Plaintiff sought $2400 for total disability currently owed by defendant from 15 March 1976 to 23 March 1977 and $71,688 for future total disability payments, based on his allegation of permanent, total disability for the remainder of his life. In a second cause of action, which was dismissed 15 December 1977 by Judge Kivett, plaintiff sought punitive damages of $150,000.

Defendant answered, denying any obligation to plaintiff for either current or future total disability payments and specifically denying that plaintiff "has at any time been considered totally disabled." Defendant admitted, however, that it made monthly payments to plaintiff under the partial disability provisions of the policy.

A pretrial order noted defendant's stipulation that plaintiff's claims had been paid through 15 March 1976 and that proper forms had been filed. Both parties put on evidence, after which defendant moved for a directed verdict. The court denied this motion.

A conference was held in the judge's chambers prior to oral argument of counsel. The issue, formulated by the court and submitted to the jury, was phrased as follows: "Was the Plaintiff, Harley Hendrix, completely and continuously disabled so that he was unable to engage in his regular occupation from March 1976 through March 1977?" The jury answered yes. Defendant's motion that the verdict be set aside and for judgment notwithstanding the verdict was denied. Judgment was entered in favor of plaintiff for $2400, and defendant appealed.

*Vannoy, Moore and Colvard, by J. Gary Vannoy, and Gregory and Joyce, by Dennis Joyce, for plaintiff appellee.*

*McElwee, Hall, McElwee & Cannon, by William C. Warden, Jr., for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant argues on appeal, *inter alia,* that the trial court erred in failing to instruct the jury that plaintiff's disabling condition must be one that has lasted or would last twenty-four months under the terms of the policy. Defendant's basic position is that as a matter of law plaintiff failed to prove total disability under the policy. We hold defendant is precluded from raising this objection on appeal.

After a lengthy conference prior to oral argument, the trial court formulated the issue: "Was the Plaintiff, Harley Hendrix, completely and continuously disabled so that he was unable to engage in his regular occupation from March 1976 through March 1977?" Immediately following in the record is the statement, "The Defendant did not tender a different issue to the Court." Later in the record, under the caption "Omitted Instruction" appears the following:

> The trial Court should have instructed the jury substantially as follows:

> "Ladies and gentlemen of the jury, the policy defines disability as 'the complete inability of the insured to engage in his regular occupation, business or profession for 24 months.' Therefore, the Plaintiff must prove to you by the greater weight of the evidence that the Plaintiff's condition disabling him was a condition that had lasted or would last

Hendrix v. Casualty Co.

for 24 months and prevent him from engaging in his regular occupation for 24 months."

The record before us does not show that defendant requested such instruction to be included in the charge. Requests for special instructions must be submitted in writing to the judge prior to the charge to the jury. Written requests for special instructions are to be filed as a part of the record. N.C. Gen. Stat. 1A-1, Rule 51(b). It is incumbent upon the party desiring a more thorough or detailed charge to request it. *Prevette v. Bullis*, 12 N.C. App. 552, 183 S.E. 2d 810 (1971). In the absence of such a request, an assignment of error based on the failure of the court to instruct in a particular manner is untenable. *Woods v. Roadway Express, Inc.*, and *Swann v. Roadway Express, Inc.*, 223 N.C. 269, 25 S.E. 2d 856 (1943). This assignment of error is overruled.

In arguing that in order for plaintiff to recover under the insurance policy he must prove a disabling condition that had lasted or would last for twenty-four months, defendant in effect is attempting to urge this Court to recognize an issue different from that submitted to the jury by Judge Rousseau. Defendant cannot succeed in this effort. A party who is dissatisfied with the form of the issues or who desires an additional issue should raise the question at once, by objecting or by presenting the additional issue. If a party consents to the issues submitted, or does not object at the time or ask for a different or an additional issue, he cannot make the objection later on appeal. *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731 (1961); 1 McIntosh, North Carolina Practice and Procedure (2d ed. 1956), § 1353. Because defendant neither objected to the issue submitted to the jury nor asked for a different issue, as the record unequivocally reveals, it cannot do so on this appeal.

[2] Two of defendant's remaining assignments of error relate to evidentiary matters. On cross-examination of plaintiff and on direct examination of one of its own witnesses, defendant attempted to put into evidence the fact that plaintiff had been dismissed from his job by his employer in August 1975. Similarly, defendant tried to elicit from plaintiff on cross-examination testimony that plaintiff had initiated a lawsuit against his former employer, alleging that through the summer of 1975 he was a "dutiful employee and performed valuable services." Defendant

argues that the court erred in refusing to allow this evidence. We disagree. In light of the fact that the sole issue presented to the jury was whether plaintiff was completely and continuously disabled from March 1976 through March 1977, we think evidence of plaintiff's discharge in August 1975 and of an allegation in a lawsuit that plaintiff was a good employee through the summer of 1975 was properly excluded from the jury by the trial judge. This evidence was not relevant to the issue in dispute. There is only a remote or conjectural connection between the evidence excluded and the fact to be proved by it. 1 Stansbury's N.C. Evidence (Brandis rev. 1973), § 78.

[3]   Defendant also assigns as error the court's overruling its objection to a question asked of plaintiff's witness, Dr. John Bond, by plaintiff. The question was whether, in Bond's opinion, plaintiff was able to engage in any occupation, business or profession during the period from 16 March 1976 to 16 March 1977. Dr. Bond's answer was no. Defendant argues that the doctor's opinion as to *any* occupation was irrelevant and prejudicial to defendant, as the policy defines disability in terms of plaintiff's "regular occupation."

The record shows that immediately before Dr. Bond was asked this question, he was asked whether, in his opinion, plaintiff could have "engaged in his regular occupation, business or profession during the period of time from March 16, 1976, until March 16, 1977?" Defendant did not object to this question. After Dr. Bond answered no, he was then asked the question objected to.

We disagree with defendant's argument that the only purpose for the question was to "create sympathy" in the jurors' minds. We agree with plaintiff's contention that evidence that Hendrix was unable to engage in any occupation is, a fortiori, evidence that he could not engage in his regular occupation. Therefore, the evidence is relevant.

Defendant's final assignment of error is directed toward the court's overruling his motions for directed verdict and judgment notwithstanding the verdict. Defendant insists that in order for plaintiff to take his case to the jury, he must have presented sufficient evidence of his disability to show that he was or would be prevented from working at his regular occupation for twenty-four months. However, because we have held there was no error in the

submission to the jury of the sole issue whether plaintiff was disabled only from March 1976 to March 1977, we find no merit in defendant's position.

Defendant was afforded a jury trial, and the jury decided in favor of plaintiff. In the trial we find

No error.

Judges VAUGHN and WEBB concur.