BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION v. JUNO CONSTRUCTION CORPORATION AND STATESVILLE ROOFING & HEATING COMPANY

No. 8025SC432

(Filed 6 January 1981)

**1. Appeal and Error § 32— objection to issue — waiver**

Plaintiff waived its objection to the trial court's framing of the third issue submitted to the jury since plaintiff did not object to that issue at trial nor did it request a different issue.

**2. Professions and Occupations § 1; Contracts § 21.2— installation of roof —causes of damages — instructions proper**

Where a contractor is required to and does comply with the plans and specifi-

cations prepared by the owner or the owner's architect, the contractor will not be liable for the consequences of defects in the plans and specifications, and the trial court, in an action to recover for damages allegedly resulting from defendants' failure properly to install a roof on a school, properly instructed the jury to that effect.

### 3. Professions and Occupations § 1; Contracts § 21.2 — roof installation — repair of defects — jury instruction improper

In an action to recover damages allegedly resulting from defendants' failure to install properly a roof on a high school where the subcontractor agreed to repair defects in the roof under the terms of his agreement to maintain roofing, the trial court erred in determining that the jury's answer to the third issue, whether defects in the roof resulted from deficiencies in the design and specifications for the roof provided by plaintiff's architect, barred plaintiff from recovering any damages from defendant's subcontractor under its maintenance agreement.

### 4. Architects § 3; Contracts § 21.2— defective roof — architect's final certificate no bar to action

In plaintiff's action to recover damages allegedly resulting from defendant's failure to install properly a roof on a high school, there was no merit to defendants' contention that plaintiff's claims were barred by the issuance of the architect's final certification of completion and the resulting final payment by plaintiff to defendant contractor of the contract price since the contract between the parties did not contain a provision making the architect's final certificate conclusive as to the performance of the work in accordance with the contract provisions, but instead had provisions for the use of arbitration in event of disputes between the owner and the contractor.

### 5. Rules of Civil Procedure § 15.1— amendment of complaint — denial of motion proper

The trial court did not err in denying defendant's subcontractor's motion to amend its pleadings to allege that an agreement to maintain a roof was unenforceable, since the motion was first made at the conclusion of all the evidence, and defendant did not show an abuse of the trial court's discretion in denying the motion.

APPEAL by plaintiff from *Snepp, Judge.* Judgment signed 1 December 1979 in Superior Court, BURKE County. Heard in the Court of Appeals 4 November 1980.

Plaintiff brought this action for damages, alleging defendants failed to install properly the roof on Freedom High School in Burke County. Plaintiff had contracted with the architectural firm of The Shaver Partnership for the design of the school. The defendant Juno Construction Corporation was the general contractor, and it subcontracted the roofing work to the defendant Statesville Roofing & Heating Company. Statesville entered into an "Agreement to Maintain Roofing," as required by the contract.

---

**Bd. of Education v. Construction Corp.**

---

The following issues were submitted to the jury and answered as indicated:

1. Did the defendant, Juno Construction Corporation, breach its contract with the plaintiff, Board of Education?

   Answer: Yes

2. Did the defendant, Statesville Roofing and Heating Company, breach its agreement with the plaintiff, Board of Education?

   Answer: Yes

3. Did damage to the roof of the plaintiff's building result solely from deficiency in the design of and in the specifications for the project furnished Juno Construction Corporation by the plaintiff, Board of Education?

   Answer: Yes

4. What amount is the plaintiff entitled to recover of the defendants?

   Answer: ——

Based upon this verdict, the court entered judgment denying any recovery to plaintiff, and from this judgment, plaintiff appeals.

*Simpson, Aycock & Beyer, by Dan R. Simpson, Samuel E. Aycock and Louis E. Vinay, Jr., for plaintiff appellant.*

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for defendant appellee Statesville Roofing & Heating Company, and Miller, Johnston, Taylor & Allison, by John B. Taylor, for defendant appellee Juno Construction Corporation.*

MARTIN (Harry C.), Judge.

[1] Appellant argues two assignments of error before this Court. Plaintiff contends the trial court committed error in the framing of the third issue submitted to the jury, and in charging the jury on that issue.

The pretrial order contains a reference to exhibits F, G, and H as being the issues that plaintiff and defendants contend are to be ans-

wered by the jury. Exhibits F, G, and H are not in the record on appeal. Appellant did not object to the wording of the third issue, did not object to that issue's being submitted to the jury, and did not tender any issues to the court.

> A party who is dissatisfied with the form of the issues or who desires an additional issue should raise the question at once, by objecting or by presenting the additional issue. If a party consents to the issues submitted, or does not object at the time or ask for a different or an additional issue, he cannot make the objection later on appeal. *Baker v. Construction Corp.,* 255 N.C. 302, 121 S.E.2d 731 (1961); 1 McIntosh, North Carolina Practice and Procedure (2d ed. 1956), § 1353.

*Hendrix v. Casualty Co.,* 44 N.C. App. 464, 467, 261 S.E.2d 270, 272-73 (1980). Because plaintiff neither objected to the third issue submitted to the jury nor requested a different issue, it cannot do so on this appeal.

[2]  Plaintiff further insists the court erred in its instructions to the jury on the third issue. Although we find no North Carolina case directly on point, the law in general is that where a contractor is required to and does comply with the plans and specifications prepared by the owner or the owner's architect, the contractor will not be liable for the consequences of defects in the plans and specifications. *United States v. Spearin,* 248 U.S. 132, 63 L. Ed. 166 (1918); 13 Am. Jur. 2d Building, Etc. Contracts § 28 (1964); Annot., 88 A.L.R. 797 (1934). The North Carolina Supreme Court, in *Construction Co. v. Housing Authority,* 244 N.C. 261, 93 S.E. 2d 98 (1956), held that allegations of plaintiff contractor that it constructed floor slabs in accordance with plans and specifications provided by defendant's architect and that the slabs settled through no fault of plaintiff, and that plaintiff was required to correct the settling, were sufficient to state a cause of action, at least for the purposes of allowing a motion for discovery. Although the precise question was not presented in *Construction Co.,* it is persuasive authority for adoption of the general rule above stated, and we so do.

Where the contractor does not comply with the plans and specifications provided by the owner, notwithstanding the fact that they are defective, the contractor proceeds at his peril, assuming the risk of

any deviations from the plans and guaranteeing the suitability of the work. Annot., 6 A.L.R.3d 1394, 1415 (1966).

Here, the trial judge instructed the jury on the first issue:

[I]f the plaintiff has satisfied you by the greater weight of the evidence that Juno, acting through its subcontract with Statesville, failed to comply with the conditions and specifications of the contract, in that it applied bitumen in such a manner that foaming resulted, or that it used insulation materials which had been allowed to become wet which resulted in the same effect, or that it failed to provide plaintiff with watertight roofing which would not deteriorate excessively, and would perform without fail under normal conditions and with normal maintenance for twenty years after final acceptance, then it would be your duty to answer the first issue yes.

The jury answered this issue "yes," and could only do so upon a finding by it that defendant Juno had failed to comply with the plans and specifications of the architect for the construction of the roof. However, to recover damages for breach of contract, plaintiff must also prove that the breach by Juno contributed to the damages sustained by plaintiff. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979). "Damages for injury that follows the breach in the usual course of events are always recoverable provided the plaintiff proves that such injury actually occurred as a result of the breach." *Id.* at 187, 254 S.E.2d at 616. Issue No. 1 does not present the question of causation. That question is contained in the third issue.

In this appeal, the primary dispute is not whether defendants breached their contract, but whether their breach caused the damages to the roof of plaintiff's building. Defendants contended and produced evidence that the damages to the roof were caused solely by defective designs of the architect. In this case, the court required the defendants to carry the burden of proof on the question of causation. The defendants carried that burden, and the jury resolved the issue of causation in their favor. We find no error in the court's instructions on the third issue.

[3]    The record establishes that defendant Statesville executed an "Agreement to Maintain Roofing" which required Statesville, for a period of five years after 6 August 1973, to make permanent repairs to

the roof or to restore it to the quality standards originally specified. The specifications required that the roof be watertight. Plaintiff contended Statesville failed to perform under its agreement to maintain the roof. This question was submitted to the jury in the second issue and answered by it, "yes." On this issue, the court instructed the jury:

> [I]f the plaintiff has satisfied you by the greater weight of the evidence that the defendant, Statesville, failed to make permanent repairs at its own expense to the roof which were required because of the failure of materials or workmanship which resulted in the defects of the roofing, you will answer the second issue yes.

The third issue and the jury's answer did not relate to the second issue. The court charged the jury on the third issue:

> [I]f the defendants have satisfied you by the greater weight of the evidence that defects in the roof of Freedom High School resulted solely from deficiencies in the design of and in the specifications for the project furnished to Juno by the plaintiff's architect so that if Juno had performed its work strictly in accordance with the plans and specifications the defects would have occurred, then you will answer this issue yes.

The third issue is concerned with the cause of defects in the roof, whereas the second issue is concerned with the failure of defendant Statesville to properly repair those defects under the terms of its agreement to maintain roofing. Under the terms of the agreement, defendant Statesville agrees "to make such temporary and permanent repairs *without reference to or consideration of the cause or the nature of the leaks or defects* in the roofing and associated work." (Emphasis added.) The trial court erred in its determination that the jury's answer to the third issue barred plaintiff from any damages from defendant Statesville.

Plaintiff further contends it was entitled to a directed verdict as to the question of liability of defendants at the close of all the evidence. It argues that defendants, by offering into evidence plaintiff's complaint against its architect, The Shaver Partnership, admitted they violated the contract in the respects alleged in paragraph 12 of that complaint. Such is not the case. The complaint is only evidence that plaintiff *alleges* defendants breached the contract in the manner set out. The argument is specious.

**[4]** Defendants, by cross-assignment of error, argue that their motion for directed verdict at the close of plaintiff's evidence should have been granted. They state that plaintiff's claims are barred by the issuance of the architect's final certificate of completion and the resulting final payment by plaintiff to defendant Juno of the contract price. The roof was completed 19 June 1973, and the final certificate issued 8 November 1973.

Where the contract between the parties makes the final certificate of the architect conclusive as to the completion of the work in accordance with the contract, the parties may not question it or impeach it as to observable defects or those which were or could have been discovered by the architect in the proper performance of his duties, except in cases of fraud or mistake so substantial as to indicate bad faith or gross neglect. *Heating Co. v. Board of Education,* 268 N.C. 85, 150 S.E.2d 65 (1966). This appears to be the general law. *See* 13 Am. Jur. 2d Building, Etc. Contracts § 34 (1964). It is otherwise where the agreements do not indicate that the architect's final certificate shall be conclusive. *Id.*

The contract between the parties does not contain a provision making the architect's final certificate conclusive as to the performance of the work in accord with the contract provisions. Rather, it has provisions for the use of arbitration in the event of disputes between the owner and the contractor.

The contract does contain the following:

9.7.5 The making of final payment shall constitute a waiver of all claims by the Owner except those arising from:
    .1 unsettled liens,
    .2 faulty or defective Work appearing after Substantial Completion,
    .3 failure of the Work to comply with the requirements of the Contract Documents, or
    .4 terms of any special guarantees required by the Contract Documents.

Obviously, this provision does not bar the plaintiff with respect to the claims alleged in this litigation. The court properly denied defendants' motion for directed verdict.

**[5]** Defendant Statesville's further contention, that the agreement to maintain the roof is unenforceable and that the court committed

Mabry v. Fuller-Shuwayer Co.

prejudicial error in denying its motion to amend its pleadings to so allege, is untenable. The motion was first made at the conclusion of all the evidence. The trial court has great discretion in deciding motions to amend pleadings, and when such motions are made during trial, its decision is not appealable in the absence of palpable abuse. *Tyndall v. Tyndall,* 270 N.C. 106, 153 S.E.2d 819 (1967); *Chappel v. Winslow,* 258 N.C. 617, 129 S.E.2d 101 (1963); *Hill v. Shanks,* 6 N.C. App. 255, 170 S.E.2d 116, *cert. denied,* 275 N.C. 681 (1969). No manifest abuse of discretion has been made to appear in this case.

The result is: the judgment is affirmed as to the defendant Juno Construction Corporation. The judgment is vacated and the cause remanded to the Superior Court of Burke County for determination of the issue of damages as to the defendant Statesville Roofing & Heating Company.

Affirmed in part, vacated and remanded in part.

Chief Judge MORRIS and Judge WEBB concur.