431 So.2d 1115 (1983)
Basil Guice TRUNZLER, IV
v.
Lillis Wadsworth TRUNZLER.
No. 54168.
Supreme Court of Mississippi.
May 25, 1983.
Adams, Forman, Truly, Ward, Smith & Bramlette, Everette Truly, Natchez, for appellant.
J. Walter Brown, Jr., Natchez, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
Basil Guice Trunzler, IV, filed a petition in the Chancery Court of Adams County to require Lillis Wadsworth Trunzler, his divorced wife, to account for all sums paid by him to her for the support of their children. The trial court sustained a demurrer to the petition and denied the respondent an award of an attorney's fee for defense of the cause, hence this appeal.
As stated in Brown v. Elton Chalk, Inc., 358 So.2d 721, 721 (Miss. 1978), "Since this appeal is from an order sustaining a demurrer, the facts alleged by the complainants and facts which are reasonably and necessarily implied therefrom must be taken as true."
In the petition for an accounting, filed September 15, 1981, it was alleged that all child support payments directed under the terms of the divorce decree, dated February 27, 1981, of $1,250.00 per month for each of the two children had been paid, and, that *1116 his former wife has not worked, has no visible means of support, has no money or property, and no bank accounts, other than that mentioned in her deposition of February 13, 1981, wherein she testified she had $1,100.00 in an account left from a $2,400.00 payment made to her on February 1, 1981. Petitioner further averred that his former wife is meeting her own obligations out of the child support money rather than placing any funds not immediately needed by the children in a savings account for their future use, all in violation of her fiduciary relationship.
Assuming the allegations as true the issue is whether a divorced wife may be required to account to her former husband for child support payments paid by him, where it is alleged she is using the payments for her own obligations.
Mississippi Code Ann. § 93-5-23 (Supp. 1982), is broad in concept and lends itself, we think, to the present difficulty. It provides in part:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, ... and may, if need be, require sureties for the payment of the sum so allowed. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require... .
We are of the opinion the court may modify a decree for the support of children so as to require a divorced wife to periodically account for child support payments, if, but only if, the circumstances so require. We think the petition should allege a change of circumstances not anticipated at the time of the entry of the original decree. This, of course, accords with familiar law, Shaeffer v. Shaeffer, 370 So.2d 240 (Miss. 1979).
The petition before us does not aver the children are improperly cared for or that the support payments are excessive but rather expresses dissatisfaction because the mother, a fiduciary to the children, is allegedly appropriating some of the funds to her own use. We are of the opinion that the mother is, of course, a fiduciary with her children and may be required to account to them but we do not think she is in a fiduciary relationship with her former husband. For this reason we are of the opinion the cause of action should have been brought by and on behalf of the children. We therefore hold the trial court did not err in sustaining the demurrer to the petition.
As this is a case of first impression in our state we have examined the decisions of other states which have addressed the issue. We are persuaded the sounder principle of law is followed by those jurisdictions which hold the divorced wife may be required to account for child support payments, but the cause must arise by or on behalf of the children, to whom the monies belong, rather than the divorced husband. Tyndall v. Tyndall, 270 N.C. 106, 153 S.E.2d 819 (1967); Goodyear v. Goodyear, 257 N.C. 374, 126 S.E.2d 113 (1962); Glenn v. Glenn, 281 S.E.2d 83 (N.C. App. 1981); Zande v. Zande, 3 N.C. App. 149, 164 S.E.2d 523 (1968).
The respondent has filed a cross-appeal assigning as error the trial court's denial of attorney's fee and additionally has filed a motion for an attorney's fee in this Court. The allowance of an attorney's fee lies within the discretion of the trial court and will not be disturbed on appeal unless it appears to be manifestly wrong. Walters v. Walters, 383 So.2d 827 (Miss. 1980); Barber v. Barber, 234 Miss. 89, 105 So.2d 630 (1958). The respondent did not substantiate the need for an attorney's fee, or a reasonable amount needed for such and under these circumstances we are unable to say the trial court was manifestly wrong in denying such. We likewise think an attorney's fee should be denied here, there being insufficient evidence of the need therefor.
AFFIRMED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.