J. LOYD KIRK AND WIFE, LEONE KIRK, AND J. LOYD KIRK CORPORATION v.
R. STANFORD WEBB AGENCY, INC.

No. 8428SC921

(Filed 4 June 1985)

**1. Trial § 32.1 — failure to procure adequate coverage — requested instructions not given — no prejudicial error**

There was no prejudicial error in not instructing the jury as requested by plaintiffs in an action against an insurance agent for failing to procure sufficient insurance where the jury answered that issue in plaintiff's favor.

**2. Insurance § 2.2 — fire insurance — failure to procure adequate coverage — contributory negligence by insured**

There was no error in submitting contributory negligence to the jury in an action against an insurance agent for not procuring adequate fire insurance where the evidence was that plaintiffs did not read the policy, did not know the true value of their property, and did not inform defendant of its true value. The provision of the policy in question was plain and unambiguous, and the plaintiff who conducted the insurance transactions had a four-year engineering degree from North Carolina State, an M.B.A. from the University of Southern California, and had run a business from 1973 to the filing of this action. Moreover, plaintiffs did not object at trial to the submission of contributory negligence to the jury.

**3. Rules of Civil Procedure § 59 — denial of motion for new trial — no abuse of discretion**

There was no error in the denial of plaintiffs' motion for a new trial where there was no showing of a manifest abuse of discretion by the trial judge.

APPEAL by plaintiffs from *Sitton, Judge.* Judgment entered 9 April 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 17 April 1985.

This is a civil action in which plaintiffs, J. Loyd Kirk, Leone Kirk and J. Loyd Kirk Corporation, seek damages from defendant, R. Stanford Webb Agency, Inc., for breach of a contract to procure fire insurance for a restaurant building owned by plaintiffs and for negligence in failing to procure sufficient fire insurance to cover loss by total destruction of the restaurant building caused by fire.

The essential facts are:

Plaintiff, J. Loyd Kirk, is the president of J. Loyd Kirk Corporation which owns and operates the Forest Manor Motel and Restaurant in Asheville.

In 1975, Kirk and Richard Burdette, an agent of defendant, entered into negotiations that resulted in the issuance of a "blanket" fire insurance policy for the restaurant and motel buildings. Plaintiff's evidence tends to show that Burdette advised Kirk that the blanket building coverage would be payable in case of fire in any one of the buildings insured under the policy, and that Burdette explained a "co-insurance provision" to mean that the value being insured would be multiplied by a factor of 90% and the result would equal the amount of insurance coverage which would apply to any one building in any one fire up to the policy limit for blanket protection which was then $141,926.00. Whether Burdette promised that the issuing insurance company would make an appraisal of the insured property is in dispute.

Between the time of the original issue of the policy in 1975 and 3 December 1980, the policy limits were increased several times to reflect inflation and in 1979 the policy in question was switched from the Insurance Company of North America to United States Fidelity & Guaranty (U.S.F.&G.). Coverage under the U.S.F.&G. policy was eventually increased to $242,000.00 at the time of the loss. Burdette allegedly represented to Kirk that the new policy would cover the building and contents for any one fire in any one building up to the amount of blanket protection in the policy just as the previous policy had.

On 3 December 1980, a fire destroyed the restaurant building. U.S.F.&G. appointed an adjuster who met with Kirk and Burdette and explained the co-insurance provision of the policy in effect at the time of the fire. In applying the co-insurance provision of the policy as explained by the U.S.F.&G. adjuster, the coverage on the restaurant building only was $177,408.00. This amount was substantially less than the amount recoverable as allegedly explained to Kirk by Burdette. The policy in question contains the following definition of co-insurance:

> Co-insurance clause: This Company shall not be liable for a greater proportion of any loss or damage to the property covered under this policy than the limit of liability under this policy for such property bears to the amount produced by multiplying the co-insurance percentage applicable (specified in this policy) [here 90%] by the total of (a) the replacement cost (without deduction for depreciation) of that part of said

property which is specifically described as covered on a replacement cost basis and (b) the actual cash value of that part of said property which is covered on an actual cash value basis at the time of the loss.

Kirk testified that the actual portion of this policy dealing with co-insurance was never discussed by Burdette prior to the fire. Kirk also admitted that he had not read the policy in effect at the time of the fire.

The jury found that defendant was negligent in failing to procure insurance coverage for plaintiffs in an amount sufficient to provide up to the sum of $242,000 for the 3 December 1980 fire loss and for loss of rental to the restaurant in the amount of $7,500. However, the jury also found that plaintiffs by their own negligence contributed to their loss. The trial court entered judgment that plaintiffs take nothing by this action, that the action is dismissed with prejudice and that plaintiffs pay costs. Plaintiffs' motion for a new trial was denied.

*Bennett, Kelly and Cagle, by Harold K. Bennett, for plaintiff-appellants.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Marla Tugwell and O. E. Starnes, for defendant-appellee.*

EAGLES, Judge.

I

Plaintiffs first assign as error the trial court's refusal to instruct the jury as specially requested. We find no error.

[1] Without setting out the requested instruction herein, we note that the jury answered the issue to which the requested instruction pertained, i.e., negligence of defendant in failing to procure sufficient insurance to cover plaintiffs' loss, in plaintiffs' favor. Accordingly, even if there was error on the part of the trial court in failing to instruct the jury as requested by plaintiffs, the error is harmless. *Key v. Merritt-Holland Welding Supplies, Inc.,* 273 N.C. 609, 160 S.E. 2d 687 (1968).

[2] The main thrust of plaintiffs' argument here seems to be that the issue of contributory negligence should not have been submitted to the jury. We disagree.

While there was sufficient evidence from which the jury could (and did) find that defendant insurance company was negligent, there exists in North Carolina a duty for the insured to read the terms of the insurance policy. *Elam v. Smithdeal Realty and Insurance Co.*, 182 N.C. 599, 109 S.E. 2d 632 (1921). The evidence that plaintiffs did not read the policy is undisputed in this case. There was also sufficient evidence from which the jury could find that plaintiffs did not know the true value of their property and failed to inform defendant of its true value.

We recognize that insurance policies are often complex and may be difficult for the average insured to comprehend. Our examination of the policy here shows the co-insurance provision of the policy to be plain and unambiguous. Further, we note that J. Loyd Kirk, the plaintiff who conducted the insurance transactions with defendant, had obtained a four year engineering degree from North Carolina State University and an M.B.A. degree from the University of Southern California. He worked in the construction industry for three and a half years and ran a business from 1973 until the filing of this action. Based on these facts, we believe the jury could find that plaintiffs were contributorily negligent. We also note that plaintiffs did not object at trial to the submission of the contributory negligence issue to the jury. For this additional reason, they cannot complain on appeal. Rule 10(b)(2), Rules of Appellate Procedure; *Board of Education v. Juno Construction Corp.*, 50 N.C. App. 238, 273 S.E. 2d 504 (1981), *rev. denied*, 310 N.C. 152, 311 S.E. 2d 290 (1984); *Hendrix v. All American Life & Casualty Co.*, 44 N.C. App. 464, 261 S.E. 2d 270 (1980).

II

[3] Plaintiffs next assign as error the denial of their motion for a new trial. We find no error.

Our review of a trial court's discretionary ruling either granting or denying a motion to set aside the verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the trial court. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We have carefully examined the record and conclude that plaintiffs make no showing here of a manifest abuse of discretion on the part of the trial court. Accordingly, this assignment of error is overruled.

In the trial of this case we find

No error.

Judges WHICHARD and JOHNSON concur.